No. 62,322

J. M. JACK, *et al.*, *Appellants*, v. CITY OF OLATHE, KANSAS, *Appellee.*
(781 P.2d 1069)

Opinion filed October 27, 1989.

*Park McGee*, of Overland Park, argued the cause and was on the brief for appellant.

*Rod L. Richardson*, of Wallace, Saunders, Austin, Brown and Enochs, Chartered, of Overland Park, argued the cause, and *Kenton M. Hall*, of the same firm, and *Thomas Glinstra*, municipal counsel, were with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: This is an appeal by the landowners from a decision of the district court which denied monetary damages for alleged economic loss resulting from the denial by the City of Olathe of a requested zoning change. We affirm.

Although the basic facts are not in dispute, the procedural background is extremely complex and will, of necessity, be set forth in some detail.

The plaintiffs are the owners of various interests in an 11.62-acre undeveloped parcel of real property situated in Olathe, Kansas. The property was originally zoned R-1, for single-family residences. In July 1984, the plaintiffs filed an application to rezone the property to R-4 in order to construct an expansion of an apartment complex then located directly to the south. After lengthy consideration of the matter, the Olathe City Commission, on December 18, 1984, voted to deny the rezoning request.

On January 17, 1985, plaintiffs filed suit against the City of Olathe as specifically authorized by K.S.A. 12-712. This action, designated Case # 85C468 in the district court, will be referred to hereafter as the 12-712 action or case. In their petition, the

plaintiffs sought to test the reasonableness of the city's zoning action in denying the requested zoning change. The petition also alleged:

"The action of the City Commission of the City of Olathe in refusing to rezone the property described above at Plaintiffs' request is arbitrary, capricious and unreasonable; it constitutes a *taking* of Plaintiffs' property for improper purposes and *without just compensation*; it further has damaged Plaintiffs for which they are entitled to recover from the City." (Emphasis added.)

Additionally, the petition claimed that the City had acted improperly and fraudulently in denying the rezoning request and alleged that the reason for denying the rezoning was to minimize the market value of the property because the City wanted to acquire it for an addition to the city waterworks located to the west of the parcel. The petition sought, *inter alia,* injunctive relief and monetary damages.

The parties entered into a lengthy stipulation of facts and stipulated to some 35 exhibits which were subsequently received in evidence by the district court. At a pretrial conference, the parties agreed to bifurcate the trial, and apparently agreed that the issue of the reasonableness of the City's action would be tried and resolved first. The case was tried to the court on August 21, 1985. Plaintiffs offered evidence to show that it was not economically feasible to develop the property for single-family residences, as the property was currently zoned. Although plaintiffs had alleged a taking in their petition and fraud and bad faith on the part of the Olathe City Commission, none was proved at the time.

On September 19, 1985, the court filed its memorandum opinion in which it found that the action of the Olathe City Commission, in denying the zoning change, was unreasonable. In his decision, the judge also found that there was "no evidence that the action taken by the City Commission was unlawful," and that "there is an absence of any evidence which would establish fraud on the part of the action of the City Commission and there is no evidence to indicate that any commissioner acted with bias or any conflict of interest." In the journal entry of judgment filed October 10, 1985, the City was ordered to forthwith adopt an ordinance granting the requested change in zoning. The order also provided that the judgment was a final judgment on all issues pertaining to the zoning of the property.

On October 14, 1985, the plaintiffs filed a motion pursuant to

K.S.A. 60-252(b) seeking additional findings of fact and conclusions of law. In short, plaintiffs sought a finding by the court that the City's actions were fraudulent as well as unreasonable because they were designed at least in part to keep the property available for municipal purposes. The district court, following a hearing, denied the motion. Thereafter the defendant City filed an appeal from the court's judgment that the action on the zoning request was unreasonable and further proceedings were stayed pending that appeal. On December 6, 1985, the plaintiffs filed a notice of cross-appeal from the district court's order denying their post-trial motion for additional findings of fact and conclusions of law.

Meanwhile, on October 15, 1985, the City of Olathe initiated eminent domain proceedings to acquire 5.946 acres of the plaintiffs' property for the purpose of flood control and expansion of the waterworks lake. Although the parties negotiated to settle the zoning dispute along with the condemnation action, the negotiations were not successful. We were advised at oral argument of the present case that the condemnation action was still pending in the district court.

On December 18, 1986, while the appeal was still pending before the Court of Appeals, the plaintiffs filed a second case designated case # 86C11742. The petition in the second case claimed compensatory and punitive damages pursuant to 42 U.S.C. §§ 1981 *et seq.* (1982) and as "specifically authorized by the Kansas Tort Claims Act" for alleged violations of the United States and Kansas Constitutions. Hereafter, we will refer to this case as the § 1983 action or case. The factual allegations were similar to those in the 12-712 petition and specifically alleged that the City of Olathe had denied plaintiffs the use of their property and their right to due process on the rezoning application for the purpose of enabling the City to acquire the property on favorable terms and to prevent its development pending acquisition by the City.

On December 31, 1986, the Court of Appeals in an unpublished decision affirmed the district court's decision holding that the defendant's action on the rezoning application was unreasonable. (*Jack v. City of Olathe,* Case No. 58,890.) On April 10, 1987, this court denied the defendant's petition for review. 241 Kan. 839 (1987). In affirming the district court's decision on the

question of reasonableness, the Court of Appeals did not address the cross-appeal, deeming it unnecessary to consider the issues raised by the plaintiffs.

Thereafter, the 12-712 action and the § 1983 action were consolidated in the district court. On February 20, 1987, the City filed a motion to dismiss the § 1983 action, contending it was barred by the doctrines of res judicata or collateral estoppel, or both, because of the district court's earlier judgment in the 12-712 action. On June 9, 1987, following a hearing, the district court granted the defendant's motion to dismiss the § 1983 petition. The court specifically held the action was barred by either res judicata or collateral estoppel, or both, on the basis of the court's findings of fact and conclusions of law in the 12-712 action as affirmed by the Court of Appeals in its Case No. 58,890.

On November 19, 1987, the defendant filed a motion for summary judgment on the issue of damages in the 12-712 action. The City argued that the plaintiffs had obtained the only remedy to which they were legally entitled when the rezoning was finally granted in mid-1987, and that plaintiffs were not entitled to damages as a matter of law based upon the court's prior findings as to liability. Following the plaintiffs' response, and a reply by the defendant, the court held a hearing and granted the defendant's motion. The court held (1) the court lacks jurisdiction to award damages sitting as a court of appeal under K.S.A. 12-712 of a city's zoning decision and (2) there is no cause of action in Kansas for damages based upon the denial of a rezoning request, even if the denial is unreasonable as it was in the instant case. The court noted that the only way plaintiffs could have recovered damages was to have established there was a "taking" of the property during the "liability portion of the trial." Since there was no finding by the court that the property had been taken by the defendant, the court held there was no legal basis for the plaintiffs' claim for damages.

The plaintiffs filed a motion for reconsideration. They argued that the original trial did not address any issues pertaining to liability for damages, but only the reasonableness of the rezoning denial. The district court denied the motion for reconsideration following a hearing at which the plaintiffs repeatedly argued that neither "liability" nor damages had been tried in the original trial in the 12-712 action. The court stated that damages would

not be recoverable unless plaintiffs proved fraud, and there was no finding of fraud in this case.

Plaintiffs filed a timely notice of appeal and the case was subsequently transferred to this court pursuant to K.S.A. 20-3018(c).

At the outset we note that it is difficult to determine the actual issues asserted by the plaintiffs on appeal or to follow the arguments in the brief. Plaintiffs' brief does not set forth the points and arguments on appeal as required by Rule 6.02(c) and (e) (1988 Kan. Ct. R. Annot. 24). The argument that is presented by the brief covers less than three pages and does not adequately present the issues. The factual portion of the brief makes numerous references to the record which are not properly keyed to the voluminous record as required by Rule 6.02(d).

It appears that the plaintiffs' principal argument is that they have never been granted a trial on the liability and damages portion of the actions filed against the City. Prior to any trial, the parties apparently agreed that the 12-712 action would be bifurcated with the damages to be tried only after there was a determination of liability on the part of the City. Unfortunately, there is no order in the record before us which specifically sets forth the particulars of the ordered bifurcation. Plaintiffs argue that the liability issue has never been considered by the court. The City, on the other hand, contends that the first trial in which the court found the City's action to be unreasonable was a trial on all of the issues pertaining to any liability of the City for damages. It is the City's position that, following the first trial, the only issue remaining was the determination of whether as a matter of law the plaintiffs were entitled to damages under the prior judgment of the court and, if so, the amount of such damages. The City further contends that the finding of unreasonable action on the part of the City under K.S.A. 12-712 will not support a claim for monetary damages, and, as the court found no evidence of fraud and as there was no finding of any taking of plaintiffs' property, there is no legal basis for an award of damages.

Plaintiffs' arguments that there has never been a hearing on, or determination of, liability are inconsistent with their position asserted earlier in these proceedings. In their original petition filed in the 12-712 action, the plaintiffs made the following allegations, *inter alia*:

"10. K.S.A. 12-712 authorizes any person having an interest in property subject to a decision on a zoning ordinance may bring an action to test the reasonableness of the action. This action is brought under that Statute and under K.S.A. 60-901 *et seq.* for injunctive relief, and under K.S.A. 60-101 *et seq.* for damages, K.S.A. 60-210(d) and K.S.A. (1984 Supp.).

"11. The action of the City Commission of the City of Olathe in refusing to rezone the property described above at Plaintiffs' request is arbitrary, capricious and unreasonable; it constitutes a taking of Plaintiff's property for improper purposes and without just compensation; it further has damaged Plaintiffs for which they are entitled to recover from the City.

. . . .

"16. The true reason that the Defendant City of Olathe refused to approve zoning for this property is the City's possible desire to acquire the property for an addition to the Municipal Waterworks and a desire to keep the property from being developed until the City can determine whether it wishes to acquire the property, raise the funds therefor, and further, to keep the property from being upgraded in zoning to a more valuable use which would enhance the value of the property and increase the cost thereof to the City if the City determined to purchase it. This was the true motivating factor in the votes of City Commissioners who voted in opposition to the zoning, (rather than the stated reason) even though the City Planning Commission had twice approved projects on the property and there was, in fact, neither a formal protest nor any informal protest at the public hearing. In fact, the project was supported by adjacent and nearby landowners, including those of single family residences. These actions of the City are improper, fraudulent and cause damage to the owners of the property and those having an interest in it by attempting to depreciate the value thereof, to the City's benefit, for which damages Plaintiffs are entitled to recover."

At the trial on August 21, 1985, the court advised counsel that, as the issues of liability and damages had been bifurcated by agreement of the parties, the issues would be limited to the reasonableness of the City in denying the requested change in zoning. However, throughout the trial the judge was extremely liberal in his rulings on the objections of both counsel, and very little, if any, relevant evidence was excluded.

During the trial, the plaintiffs presented testimony from the owners, a real estate appraiser, employees of the city planning commission, and the city engineer, among others. Testimony was elicited that the city engineer wanted the city commission to maintain the status quo on the zoning classification of plaintiffs' property until a decision was reached as to whether all or any of the property might be acquired by the City for additional flood control and expansion of the waterworks. Frequently throughout the trial, references were made to the 35 exhibits admitted by

stipulation and additional exhibits presented by plaintiffs. None of the exhibits have been made a part of the record on appeal. The deposition of the chairman of the planning commission was also admitted in evidence but has not been included in the record. It is the duty of an appellant to furnish a record which affirmatively shows that prejudicial error occurred in the trial court, or it will be presumed the action of the trial court was proper. *State v. Bright*, 229 Kan. 185, Syl. ¶ 6, 623 P.2d 917 (1981).

The defendant City, during its presentation of evidence, re-called Arthur Chambers, the city planner, and presented the testimony of Herman Cline and Lois Taylor, two of the members of the city commission that voted against the requested zoning. Both city commissioners testified that the principal reason they opposed the change in zoning was because of the increased density in population which would result. They were questioned about wanting to preserve the present zoning classification due to possible condemnation of the property but both denied any such motives. Plaintiffs had full opportunity to explore this area of controversy and did so to some extent. The record does not reflect that the plaintiffs were restricted in the presentation of any evidence of fraud, ulterior motives, or other wrongdoing by the city commissioners. The trial judge specifically stated any such evidence would be received as it would be relevant to the issue of whether the city commissioners' action was reasonable. The record does not reflect any undue restriction of the plaintiffs' right to present evidence on issues of liability or of a taking of the property. The trial court specifically found there was no evidence of wrongdoing.

Following the court's decision, the plaintiffs filed a motion seeking additional findings of fact and conclusions of law which stated, in part:

"COMES Now Plaintiff and moves that the Court enter additional findings of facts and conclusions of law as provided in K.S.A. 60-252(b), to make additional findings and amend the judgment accordingly.

"On behalf of this Motion, *Plaintiffs show to the court that the following additional findings and conclusions were supported by the record,* are relevant to the issues involved and should be made, and that the judgment should be amended accordingly.

"1. The desire of the City to keep the Plaintiffs' property available for acquisition by the City influenced the City Commission vote on December 18, 1984, especially that of Mayor (Commissioner) Herman Cline. *The City's denial*

*of the rezoning application* based upon its potential desire to acquire the property (which subsequently became a firm desire to acquire the property) *was unreasonable and fraudulent.*

. . . .

"Each of the findings is relevant and material to the issues as outlined in pre-trial pleadings and Pre-trial Order, and in *Golden v. City of Overland Park,* 224 Kan. 591 (1978). Each additionally substantiates the Court's conclusion that the action of the City of Olathe in denying the zoning application was arbitrary, capricious and unreasonable. Additionally, the Court should conclude, based on the reasonable inference of the discussion at the City Commission meeting on December 18, 1984, and further upon the testimony of City Engineer Steve Hanson and Commissioner (former mayor) Herman Cline, *that the actions of the City were designed at least in part to keep the property from being developed until the City determined to take the property for municipal purposes, and that such action of that variety is characterized as fraudulent.*" (Emphasis added.)

The motion for additional findings of fact and conclusions of law was denied by the trial court.

Thereafter, in their docketing statement filed as a part of their cross-appeal in case No. 58,890, the plaintiffs stated the issues as:

"1. The District Court erred in not making additional findings and conclusions requested by Plaintiffs in their Trial Brief and in their Motion for Additional Findings and Conclusions.

"2. *The District Court erred in its conclusion that Defendant's actions did not constitute fraud.*

"3. *The District Court erred in not finding that the City's denial of rezoning was motivated by the City's desire to acquire the property.*" (Emphasis added.)

Plaintiffs now contend that they have never been heard on the issues which they previously claimed were supported by the record of the first trial, and that they were denied 'the right to present such evidence. Plaintiffs' inconsistency' continues throughout this appeal. In their brief, while they contend they have not had their day in court on the issue of whether they are entitled to damages, they state that they have in fact "submitted sufficient evidence upon which the Court should 'sustain the existence of the right to damages, leaving only the amount of damages to be tried." The plaintiffs cannot have it both ways. They have either had their day in court on the issues of liability or they have not. The trial court in ruling upon the defendant's motion for summary judgment in the 12-712 action stated:

"The Court ruled at the conclusion of the hearing on June 9th, 1987, as reflected in paragraphs 6 and 7 of said Journal Entry, that the only remaining issue to be decided by the Court in this case is whether as a matter of law the Plaintiffs are entitled to damages against the Defendant, City of Olathe, arising

out of Defendant City's now reversed decision to deny zoning for which Plaintiffs had originally applied and if so, the amount of said damages. The Court expressly finds that no other issues of liability of any nature or kind whatsoever remain before the Court but were fully and completely disposed of and finally adjudicated in the liability portion of the trial in Case No. 85 C 468.

"The Court further affirms the finding of its Journal Entry of June 9th as contained in paragraph 7, that any issues of liability arising out of the facts set forth in Plaintiffs' Petition in Case No. 85 C 468 not presented to the Court during the trial on the liability issues are waived and the only remaining issue to be determined is the issue of damages.

. . . .

"The Court finds that the Plaintiffs have failed to show any taking of their property by any action on the part of the Defendant, City, either permanent or temporary. In fact, no cases have been cited to the Court by the Plaintiffs upon which this Court could base a finding of an unconstitutional taking either permanent or temporary by the Defendant as a result of the Defendant's simple *refusal* to rezone a subject piece of property."

We agree with the trial court. While the issues of reasonableness, liability, and monetary damages were inextricably interwoven in this case, the parties requested and agreed to the bifurcation which led to the confusion in this case and the later filing of the § 1983 action. It appears to us that what the plaintiffs are really seeking is to trifurcate this proceeding rather than bifurcate it. Having prevailed at the first trial on the issue of the unreasonableness of the City action in denying the zoning, they now seek to further litigate the conduct of the City by claiming fraud, bad faith on the part of the city commissioners, and an unconstitutional taking of their property without just compensation. In one breath they contend the record already provides evidence that they have proved these allegations and in the next breath they claim they have not been heard on the issues. Finally, they contend that if given another opportunity to try liability and if they are successful there should then be a hearing on the amount of damages.

We conclude the plaintiffs have had their day in court on the issues of liability for damages and that they are not entitled to litigate those issues further. See *In re Estate of Reed*, 236 Kan. 514, 693 P.2d 1156 (1985).

Plaintiffs also appear to contend that the trial court was in error in holding that monetary damages are not recoverable under K.S.A. 12-712 and that there has been an unconstitutional taking of their property without just compensation. We will briefly address those additional issues. As indicated earlier, the plain-

tiffs have not set forth in their brief what issues they do want this court to address or what issues they are submitting in this appeal.

K.S.A. 12-712 provides:

"Any ordinance or regulation or amendment thereto provided for or authorized by this act shall be reasonable, and any taxpayer or any other person having an interest in property affected, may have the reasonableness of any ordinance, regulation or amendment thereto determined by bringing an action against the governing body of the city within thirty days after the making of a decision on a zoning ordinance or regulation, or amendment thereto, by such governing body. Such action shall be brought in the district court of the county in which such city is located."

The statute does not set forth a remedy for a successful challenge of a zoning action. The cases decided under the statute have affirmed trial court decisions which have held a city's refusal to rezone unreasonable and which have directed the city to grant the requested rezoning as was done in this case. See, e.g., *Security National Bank v. City of Olathe*, 225 Kan. 220, 589 P.2d 589 (1979); *Barclay v. Mitchum*, 186 Kan. 463, 350 P.2d 1109 (1960). However, there appear to be no cases decided at the appellate level in which monetary damages were awarded against the city for an unreasonable zoning action.

K.S.A. 12-712 imposes a duty on city governing bodies to enact only *reasonable* zoning ordinances. Since this duty was not known at common law, the question is whether the statute itself provides a remedy. The statute specifically authorizes a property owner to challenge the reasonableness of the zoning action by "bringing an action against" the city's governing body in district court. The statute gives the district court jurisdiction over such matters and does not appear to limit the type of judicial remedy to which a successful challenger is entitled. However, based upon the wording of the statute we are of the opinion that, absent fraud, bad faith, or an actual taking of property, the legislature intended the statute only to provide a mechanism for having an unreasonable zoning ordinance set aside. We conclude that K.S.A. 12-712 by itself does not authorize an award for monetary damages against a city for having adopted an unreasonable zoning ordinance. We make no determination here as to the possible effect of the Kansas Tort Claims Act, K.S.A. 75-6101 *et seq.* upon claims of the type asserted herein. While mentioned by plaintiffs, any issue as to its applicability was not briefed and therefore is deemed abandoned.

Plaintiffs also argue that there has been an unconstitutional taking of their property without just compensation in violation of the Fifth Amendment as codified at K.S.A. 26-513(a). They rely heavily upon the recent United States Supreme Court decision in *First Lutheran Church v. Los Angeles County*, 482 U.S. 304, 96 L. Ed. 2d 250, 107 S. Ct. 2378 (1987), and several recent state court decisions. In *First Lutheran Church*, the plaintiff church owned a campground with several buildings located in a canyon along the banks of a creek in a forest. After a forest fire denuded the hills above the campground, flooding occurred which destroyed the plaintiffs' buildings. The ·county then enacted an ordinance prohibiting reconstruction of any building within the interim flood protection area, which encompassed the church's campground. The church then sued ·the county, among other things, seeking damages for inverse condemnation for loss of use of its campground. The Supreme Court held that the just compensation clause of the Fifth Amendment requires the government to compensate for such regulatory takings, even if only temporary, stating:

"We . . . hold that where the government's activities have already worked a taking of all use of property, no subsequent action by the government can relieve it of the duty to provide compensation for the period during which the taking was effective." 482 U.S. at 321.

*First Lutheran Church* is distinguishable on its facts from this case in that Los Angeles County enacted an ordinance that clearly precluded the church from resuming its prior use of the property and precluded any further use of the property. In this case, the City merely refused to rezone the parcel, which previously had been undeveloped even though it was zoned R-1 for single-family dwellings. Plaintiffs were not deprived of all use of their property by the defendant's refusal to grant the requested rezoning.

Other cases relied upon by plaintiffs are also distinguishable. In *Ventures in Property I v. City of Wichita*, 225 Kan. 698, 594 P.2d 671 (1979), cited by plaintiffs, the City of Wichita approved the proposed platting of land for residential development, subject to a restriction that part of the land remain undeveloped for possible highway purposes at some indefinite future date. This court held that the restriction constituted a taking for which the city was liable for damages in an inverse condemnation action.

In doing so, this court reviewed several cases from other juris-dictions in which zoning regulations were deemed to amount to takings requiring payment of compensation. See 225 Kan. at 707-12. However, the court explicitly confined its holding to the facts presented, and again the action by the city resulted in a complete denial of use by the landowner.

Plaintiffs also rely upon *Corrigan v. City of Scottsdale,* 149 Ariz. 538, 720 P.2d 513 (1986), and *Burrows v. City of Keene,* 121 N.H. 590, 432 A.2d 15 (1981). In *Corrigan,* plaintiff owned 5,738 acres of undeveloped mountain property. The City of Scottsdale enacted a zoning ordinance creating a conservation area, which in effect precluded all development on more than 3,500 acres of plaintiff's property. Corrigan filed suit, seeking a declaration that the ordinance was unconstitutional and claiming money dam-ages for the temporary taking of her property. The trial court held the ordinance constitutional and that no taking had occurred, and therefore dismissed the claim for damages. On appeal, the Ari-zona Court of Appeals reversed, holding that an unconstitutional taking without just compensation had occurred. *Corrigan v. City of Scottsdale,* 149 Ariz. 553, 720 P.2d 528 (Ariz. App. 1985). On further appeal the Arizona Supreme Court held that, under the specific wording of the Arizona Constitution, the landowners were entitled to money damages when a "taking" had actually been effected. 149 Ariz. at 541. Again, in *Corrigan,* the land-owner had been deprived of all beneficial use of her property.

In *Burrows v. City of Keene,* 121 N.H. 590, the city amended a zoning ordinance so as to include a substantial portion of the plaintiffs' undeveloped land in a conservation area, after the plaintiffs had unsuccessfully submitted plans to subdivide the property for development purposes. Plaintiffs filed suit seeking equitable relief from the denial of their application for subdivi-sion approval, and claimed that the zoning amendment deprived them of all reasonable use of that part of their property included within the conservation zone, in effect seeking damages for inverse condemnation.

The trial court ruled that the zoning amendment constituted inverse condemnation, and ordered determination of damages by a jury. The city appealed the trial court's decision before damages were assessed. The Supreme Court dismissed the ap-peal and remanded for a determination of damages, as well as

reasonable counsel fees and double costs of the appeal. The court based its decision solely on a provision of the New Hampshire Constitution. The court reasoned that the "just compensation principle" applies whether the taking amounts to a physical invasion or an abridgement of rights by a government regulation restricting the exercise of property rights, including the rights of exclusive and indefinite use of the property.

Other cases relied upon by the plaintiffs are also readily distinguished from the facts in the present case in that the property owners were totally deprived of the use of their property. The cases are further distinguishable from the present case in that the various governmental bodies involved had taken affirmative action to restrict and take away a right to the use of property which already existed. In the present case the action of the City was merely to deny the expansion of the existing right to use the property. No taking of the plaintiffs' property has been shown in the present case.

The plaintiffs have not specified or briefed any issues as to the dismissal of the § 1983 action and such issues, if any, are deemed to have been waived or abandoned.

We conclude, based upon the record before us, that the district court was correct in granting summary judgment in the present case.

The judgment is affirmed.

Six, J., not participating.