David RAU and Beth Rau, Plaintiffs,

v.

CITY OF GARDEN PLAIN and David Cordell, individually and as Mayor of the City of Garden Plain, Defendant.

Civil Action No. 98–1133–MLB.

United States District Court,
D. Kansas.

Nov. 19, 1999.

Robert C. Brown, Brown, Dengler, Good & Rider, L.C., Wichita, KS, for plaintiffs.

Alan L. Rupe, Kelly J. Johnson, Georgina R. Adami, Husch & Eppenberger, Wichita, KS, for defendants.

### MEMORANDUM AND ORDER

BELOT, District Judge.

■ This case comes before the court on defendants' motion for summary judgment (Doc. 52). Among other things, defendants argue that plaintiffs' section 1983 and constitutional claims are not ripe for consideration (Doc. 53 at 10). Whether or not the claims are ripe for review bears on this court's subject matter jurisdiction under Article III of the United States Constitution. *See New Mexicans for Bill Richardson v. Gonzales,* 64 F.3d 1495, 1498–99 (10th Cir.1995). A ripeness challenge should therefore be brought as a motion to dismiss under Federal Rule of

Civil Procedure Rule 12(b)(1). *See Bateman v. City of West Bountiful,* 89 F.3d 704, 706 (10th Cir.1996) (citing *Gonzales,* 64 F.3d at 1499). Federal Rule of Civil Procedure Rule 12(h)(3) states that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." After reviewing the applicable law, the court dismisses plaintiffs' section 1983 and constitutional claims for lack of ripeness under Rule 12(h)(3). Further, the court remands plaintiffs' remaining state law claim to the District Court of Sedgwick County under 28 U.S.C. § 1367(c)(3).

### Background

On March 18, 1998, plaintiffs filed a complaint in Sedgwick County District Court claiming that the city's adoption of Ordinance No. 499, which changed plaintiff's property from a zoning classification of light commercial ("LC") to residential ("R–1"), was unreasonable (Sedgwick County Complaint at 14–15).[1] In the complaint, plaintiffs also asserted a section 1983 claim arguing that the defendants' actions violated their rights under the Fifth and Fourteenth Amendments (Sedgwick County Complaint at 1).[2] On April 20, 1998, defendants filed a notice of removal under 28 U.S.C. § 1441 based on this court having federal question jurisdiction pursuant to 28 U.S.C. § 1331 (Doc. 1). Defendants then moved for summary judgment on plaintiffs' section 1983 claims (Doc. 52), arguing, among other things, that the Fifth and Fourteenth Amendment claims are not ripe for the court's consideration (Doc. 53 at 10).

### Fifth Amendment Takings Claim

In *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City,* 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), the United States Supreme Court set forth two requirements which must be met in order for a Fifth Amendment takings claim to be ripe. First, "the government entity charged with implementing the regulations [must have] reached a final decision regarding the application of the regulations to the property at issue." *See id.* at 186, 105 S.Ct. at 3116. Second, plaintiffs must have sought "compensation though the procedures provided by the State for doing so." 473 U.S. at 194, 105 S.Ct. at 3120. A plaintiff's "failure to seek review of the City's action under the procedures authorized by state law renders his takings claim unripe." *Bateman v. City of West Bountiful,* 89 F.3d 704, 706 (10th Cir.1996). Because plaintiffs did not seek review of the City of Garden Plain's ordinance in Kansas state court *before* bringing their Fifth Amendment claim, plaintiffs' takings claim is unripe. Before asserting a Fifth Amendment takings claim, plaintiffs must challenge the ordinance in Kansas state court by either a Kan.Stat.Ann. § 12–759(f) review or an inverse condemnation action.

### Kan.Stat.Ann. § 12–759

Kan.Stat.Ann. §§ 12–741 to 12–768 sets forth the procedures and authorization for planning, zoning and subdivision regulations in cities and counties. Kan.Stat.Ann. § 12–759(f) provides that any person dissatisfied with a zoning board of appeals decision "may bring an action in the district court of the county to determine the

---

1. Defendant David Cordell is the Mayor of the City of Garden Plain. Plaintiffs originally also named as defendants the Board of Zoning Appeals, and the Board's individual members, which had affirmed the zoning administrator's determination (Sedgwick County Complaint ¶¶ 3, 4). Plaintiffs also named as a defendant Howard Allsup, the Police Chief of the City of Garden Plain (Sedgwick County Complaint ¶ 6). Subsequently, plaintiffs amended the pleading to dismiss all defendants except for the City of Garden Plain and Mayor David Cordell (Doc. 60 at 2).

2. Originally, plaintiffs claimed damages under section 1983 for selective prosecution and arbitrary and capricious enactment of a traffic ordinance. Plaintiffs have since dismissed these claims (Doc. 56 at 2).

reasonableness of any such order or determination." Under such review by the state court, plaintiff may even be awarded money damages. *See Jack v. City of Olathe*, 245 Kan. 458, 467, 781 P.2d 1069, 1075 (1989). Plaintiffs did file a complaint in Sedgwick County court challenging the reasonableness of the zoning ordinance. (Sedgwick County Complaint at 14–15). Plaintiffs, however, also tacked on an unripe section 1983 claim for the taking of their property in violation of the Fifth Amendment (Sedgwick County Complaint at 15). This improper addition of the federal claim allowed defendants to remove to federal court. Plaintiffs must proceed *first* with their reasonableness claim (or an action in inverse condemnation) in state court.[3] Once the state procedure is exhausted, *then* plaintiffs may proceed with a claim under the Fifth Amendment.[4] *Cf. City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, ——, 119 S.Ct. 1624, 1638–39, 143 L.Ed.2d 882 (1999) (allowing plaintiff to proceed with section 1983 claim based on Fifth Amendment taking because state did not provide a compensatory remedial scheme).

### Inverse Condemnation

The Kansas Supreme Court has not specifically held whether or not zoning regulations are "takings" within Kansas state inverse condemnation law. Although a "taking" under Kansas law usually requires possession to the exclusion of the former owner, *see Ventures in Property 1 v. City of Wichita*, 225 Kan. 698, 706, 594 P.2d 671, 678 (1979), strict adherence to this definition has been relaxed. *See Lone Star Industries, Inc. v. Secretary of Kansas Department of Transportation*, 234 Kan. 121, 124, 671 P.2d 511, 515–16 (1983). The Kansas Supreme Court has stated that "[i]f government imposes a restriction upon property which is too oppressive so as to deny the owner the use, benefit, and

enjoyment of the realty, it may be deemed to have taken the land and be obligated to pay compensation." *Id.* at 125, 671 P.2d at 515. The Kansas Supreme Court has also hinted that a taking may exist if the government were to take affirmative action to restrict and take away a right to the use of property which already existed. *See Jack*, 245 Kan. at 470, 781 P.2d at 1077.

Plaintiffs argue that their section 1983 claim is ripe because section 1983 does not require the exhaustion of any administrative remedies (Doc. 56 at 15). The Tenth Circuit has explicitly rejected this argument. *See Bateman*, 89 F.3d at 707–08. For there to be a constitutional violation on which the section 1983 claim is premised, plaintiffs must exhaust their state procedures. The United States Supreme Court has explained that "because the Fifth Amendment proscribes takings *without just compensation*, no constitutional violation occurs until just compensation has been denied. The nature of the constitutional right therefore requires that a property owner utilize procedures for obtaining compensation before bringing a § 1983 action." *Williamson County*, 473 U.S. at 194 n. 13, 105 S.Ct. at 3120 n. 13. Because the State of Kansas has provided procedures for obtaining either relief from the zoning regulations or for compensation, plaintiffs have not yet suffered a violation of their Fifth Amendment right on which the section 1983 claim is based. *See id.* at 195, 105 S.Ct. at 3121.

In conclusion, plaintiffs may have an action in inverse condemnation under Kansas law. Plaintiffs may be able to have the state court declare the zoning ordinance unreasonable. Until plaintiffs have fully utilized the state procedures for review of the zoning ordinance, their Fifth Amendment takings claim is unripe for review by this court. *See generally*, Comment, J.

---

3. Kan.Stat.Ann. § 60–218(a) does not require a plaintiff to join separate claims in one action. *See Parsons Mobile Products, Inc. v. Remmert*, 216 Kan. 138, 139–40, 531 P.2d 435, 436 (1975).

4. The court is not addressing whether the conduct alleged by plaintiffs, even if plaintiffs are denied compensation by the state, amounts to a Fifth Amendment taking.

Margaret Tretbar, *Calculating Compensation for Temporary Regulatory Takings,* 42 Kan.L.Rev. 201, 208–13 (1993) (discussing utilization of state procedures as a ripeness requirement for Fifth Amendment takings claims). Plaintiffs' section 1983 claim based on a violation of their Fifth Amendment right is therefore dismissed.

### Fourteenth Amendment Substantive Due Process and Equal Protection Claims

■ Plaintiffs also make section 1983 claims for the defendants' violation of their substantive due process and equal protection rights. These claims, however, "must follow the takings claim out the courthouse door." *Landmark Land Company of Oklahoma, Inc. v. Buchanan,* 874 F.2d 717, 722 (10th Cir.1989) *abrogated on other grounds by Federal Lands Legal Consortium v. U.S.,* 195 F.3d 1190, 1194 (10th Cir.1999). In *Landmark Land,* the Tenth Circuit determined that the *Williamson County* two-part test was the proper test to determine ripeness of both substantive due process and equal protection claims under the Fourteenth Amendment. *See id.* at 722 & n. 3. Furthermore, a due process claim based on a violation of a more particularized constitutional right should be analyzed in terms of the more specific right. *See Graham v. Connor,* 490 U.S. 386, 395, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989). The Tenth Circuit has previously determined that due process and equal protection claims are subsumed within "the more particularized protection of the [Takings] Clause." *Bateman v. City of West Bountiful,* 89 F.3d 704, 709 (10th Cir.1996) (quoting *Miller v. Campbell County,* 945 F.2d 348, 352 (10th Cir.1991)). Thus, an unripe takings claim renders the ancillary due process and equal protection claims unripe as well. "A contrary holding would render the Supreme Court's decision in *Williamson* nugatory, as it would enable a resourceful litigant to circumvent the ripeness requirements simply by alleging a more generalized due process or equal protection

violation." *Bateman,* 89 F.3d at 709. Accordingly, plaintiffs' section 1983 claims based on violation of their substantive due process and equal protection rights are dismissed.

### Procedural Due Process

■ Plaintiffs also make a section 1983 claim for violation of their procedural due process rights under the Fourteenth Amendment. Unlike substantive due process and equal protection claims, a ripeness challenge to a procedural due process claim does not necessarily involve application of the *Williamson County* two-part test. *See Landmark Land Company of Oklahoma, Inc. v. Buchanan,* 874 F.2d 717, 723 (10th Cir.1989). The Tenth Circuit, however, has held that a procedural due process claim which is coextensive with an unripe Fifth Amendment takings claim is unripe as well. *See Rocky Mountain Materials & Asphalt, Inc. v. Board of County Commissioners of El Paso County,* 972 F.2d 309, 311 (10th Cir.1992). In this case, the property interest plaintiffs allege they were deprived of is "the right to continue full economic use of Plaintiffs' property...." (Doc. 56 at 26). The property interest, asserted for purposes of plaintiffs' procedural due process claim is coextensive with, or the same as, the interest plaintiffs allege they were deprived of for purposes of their Fifth Amendment takings claim (Doc. 56 at 17–19). Accordingly, plaintiffs' section 1983 claim based on a violation of their right to procedural due process is subsumed in the more particularized Fifth Amendment takings claim and is dismissed.

### Remand of Reasonableness Determination

■ In their initial complaint filed in Sedgwick County District Court, plaintiffs asked that the state court determine that the zoning of their property was unreasonable (Sedgwick County Complaint at 14–15). The pretrial conference order from this court reflects that plaintiffs continue

to pursue a reasonableness decision of the zoning changes (Doc. 60 at 1–2). Such relief is provided for at Kan.Stat.Ann. § 12–759(f) which states that a person dissatisfied with a decision of a Board of Zoning Appeals may ask a Kansas district court to review the reasonableness of the decision. Now that this court has dismissed all of plaintiff's section 1983 claims, the reasonableness claim is plaintiff's only remaining claim.

This remaining claim is obviously not a federal claim over which this court has original jurisdiction, but a state claim provided for under Kansas law. Federal courts do not sit as "zoning boards of appeals" to resolve municipal zoning disputes. *See Gunkel v. City of Emporia,* 835 F.2d 1302, 1304 (10th Cir.1987). Now that this court has dismissed all of plaintiffs' federal claims, the court may decline to exercise supplemental jurisdiction over the reasonableness claim. *See* 28 U.S.C. § 1367(c)(3). A federal court "should be reluctant to interfere in zoning disputes which are local concerns." *Norton v. Village of Corrales,* 103 F.3d 928, 933 (10th Cir.1996). The court, therefore, remands plaintiffs' remaining claim to Sedgwick County District Court.

### Review of this Order

 This case was originally removed to federal court under 28 U.S.C. § 1441. The court is now dismissing all of plaintiffs' federal claims for lack of subject matter jurisdiction and remanding plaintiffs' remaining state claim. "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise...." 28 U.S.C. § 1447(d). An order of remand based on lack of subject matter jurisdiction under 28 U.S.C. § 1447(c) is barred from appellate review under 28 U.S.C. § 1447(d). *See Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 340–41, 351, 96 S.Ct. 584, 587–88, 593, 46 L.Ed.2d 542 (1976). *Cf. Quackenbush v. Allstate Ins. Co.,* 517, U.S. 706, 711–12, 116 S.Ct. 1712, 1718, 135 L.Ed.2d 1 (1996) (allowing appeal of remand order when remand was not based on lack of

subject matter jurisdiction). This court's order of remand based on lack of subject matter jurisdiction over the federal claim is unreviewable through either appeal or mandamus. *See Flores v. Long,* 110 F.3d 730, 731 (10th Cir.1997).

### Conclusion

IT IS THEREFORE ORDERED BY THE COURT that defendants' motion for summary judgment (Doc. 52) is DENIED. Plaintiffs' section 1983 claims based on violations of their rights under the Fifth and Fourteenth Amendment are DISMISSED without prejudice sua sponte under Fed.R.Civ.Pro.Rule 12(h)(3). Plaintiffs' remaining claim, asking the court to determine the zoning unreasonable, is REMANDED to Sedgwick County District Court.

IT IS SO ORDERED.