(189 P.3d 566)
No. 97,483

TERRY COLLINS, *Appellant,* v. JESSE W. HOEME, CHRIS TREASTER, and RECALL COMMITTEE AND SPONSORS, *Appellees.*

Opinion filed August 8, 2008.

*Craig E. Collins,* of Law Office of Craig E. Collins, of Topeka, and *Julie McKenna,* of Salina, for appellant.

*Jess W. Hoeme,* county attorney, for appellees Jess Hoeme and Chris Treaster.

*Michael A. Montoya,* of Michael A. Montoya, P.A., of Salina, and *Harry W. Gantenbein,* of Beloit, for appellees Recall Committee and Sponsors.

Before BUSER, P.J., MARQUARDT and STANDRIDGE, JJ.

MARQUARDT, J.: Terry Collins, a county commissioner in Mitchell County, appeals the district court's grant of summary judgment to the recall committee and sponsors (the Committee), and the dismissal of his case upon remand from this court. We affirm.

The underlying facts in this case are discussed in *Collins v. Ludwig,* No. 94,689 unpublished opinion filed March 31, 2006 *(Collins I),* and will not be recited here.

While *Collins I* was pending before this court, an election to recall Collins from public office was held, and the voters voted in favor of recall. The district court entered a stay on canvassing the votes pending a decision on Collins' appeal. On appeal, this court determined that the district court had incorrectly interpreted K.S.A. 2005 Supp. 25-4322(d). The case was remanded to the district court for a hearing on the merits of Collins' petition. *Collins I,* slip op. at 6-8.

Prior to the hearing on remand, the Committee moved for summary judgment. The Committee sought to dismiss the recall petition, claiming that the Kansas Recall of Elected Officials Act (Recall Act), K.S.A. 25-4301 *et seq.,* makes no provision for monetary damages, and Collins' only recourse would be to request the denial of the recall petition. Ron Ludwig was dismissed as a party defendant, and Jess W. Hoeme, Ludwig's successor as county attorney, was substituted as a party defendant. Hoeme and Chris Treaster, the Mitchell County election officer, moved to dismiss the action for similar reasons.

In response, Collins argued that our courts have implicitly held that damages are available under the Recall Act and the mandamus statutes, K.S.A. 60-801 *et seq.*

Following a hearing, the district court held that seven of the eight grounds listed in the recall petition were sufficient for recall

because they alleged violations of the Kansas Open Meetings Act, K.S.A. 75-4317 *et seq.*, and misconduct in office. However, one ground, which alleged that Collins used profanity at a county commission meeting, was not a sufficient ground for recall. The district court determined that because the recall petition that had been posted at the polls sought removal of Collins for all of the grounds stated, it meant that all of the grounds were required for the recall to be valid. Accordingly, because one ground was insufficient, the recall election was invalid. The district court issued a permanent injunction prohibiting the canvassing of the ballots.

Notwithstanding its finding that the recall election was invalid, the district court dismissed Collins' case with prejudice because (1) it lacked jurisdiction to award damages against the Committee, as the Committee is not authorized by statute to sue or be sued; (2) Hoeme and Treaster are immune from monetary liability under the Kansas Tort Claims Act (KTCA), K.S.A. 75-6101 *et seq.*; and (3) the case is not a mandamus action and there is no statutory provision authorizing the award of damages. Collins timely appeals.

Collins argues that the district court erred in dismissing his case without awarding him attorney fees, costs, or damages. At the hearing on the summary judgment motion, Collins' counsel was asked what monetary damages Collins was claiming. Counsel stated that Collins had been slandered "and by purposes of putting into a Recall Petition in writing has been liable." She also stated that if the district court granted summary judgment to the Committee, Collins would claim abuse of process. On appeal, Collins claims that discovery was not complete; therefore, summary judgment should not have been granted.

Collins' amended petition has no facts to support a damage claim. The only place in the amended petition where "monetary damages" is mentioned is in the second from the last line of the prayer. Collins does not specify who caused him damage, what type of damages he incurred, or the amount of damages he is seeking.

" ' " 'Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all

facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied.' [Citations omitted.]" ' [Citation omitted.]" *Korytkowski v. City of Ottawa*, 283 Kan. 122, 128, 152 P.3d 53 (2007).

Ordinarily, summary judgment should not be granted until discovery is complete. *Montoy v. State*, 275 Kan. 145, 149, 62 P.3d 228 (2003). However, if the facts pertinent to the material issues are not controverted, summary judgment may be appropriate even when discovery is unfinished. *Med James, Inc. v. Barnes*, 31 Kan. App. 2d 89, 96, 61 P.3d 86, *rev. denied* 275 Kan. 965 (2003).

Resolution of this issue involves statutory interpretation. The interpretation of a statute is a question of law over which this court has unlimited review. An appellate court is not bound by the district court's interpretation. *LSF Franchise REO I v. Emporia Restaurants, Inc.*, 283 Kan. 13, 19, 152 P.3d 34 (2007).

"The fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme. Ordinary words are given their ordinary meanings. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. [Citation omitted.]" *Winnebago Tribe of Nebraska v. Kline*, 283 Kan. 64, 77, 150 P.3d 892 (2007).

### Capacity of the Committee to be Sued

Collins claims that members of the Committee have the capacity to be sued because they are a group of private individuals, rather than employees under the KTCA.

Collins' argument is without merit. The Committee members were sued as a committee; they were not sued in their individual capacities. There are no provisions in the Recall Act which give an individual the authority to sue a recall committee for damages. See K.S.A. 25-4301 *et seq*. In the absence of statutory authority, the Committee does not have the capacity to sue or be sued. See

*Corder v. Kansas Board of Healing Arts*, 256 Kan. 638, 666-67, 889 P.2d 1127 (1994).

The district court properly determined that the Committee lacks the capacity to be sued. Accordingly, the Committee cannot be held liable for monetary damages.

### Liability of Hoeme and Treaster under the KTCA

Collins also argues the district court incorrectly determined that Hoeme and Treaster were immune from liability under the KTCA.

The general rule of liability under the KTCA is:

"Subject to the limitations of this act, each governmental entity shall be liable for damages caused by the negligent or wrongful act or omission of any of its employees while acting within the scope of their employment under circumstances where the governmental entity, if a private person, would be liable under the laws of this state." K.S.A. 2007 Supp. 75-6103(a).

K.S.A. 2007 Supp. 75-6104 identifies exceptions from liability:

"A governmental entity or an employee acting within the scope of the employee's employment shall not be liable for damages resulting from:

. . . .

"(e) any claim based upon the exercise or performance . . . [of] a discretionary function or duty on the part of a governmental entity or employee, whether or not the discretion is abused and regardless of the level of discretion involved."

The word "discretion" involves the exercise of judgment, wisdom, and skill, as distinguished from unthinking folly, heady violence, and rash injustice. *Hopkins v. State*, 237 Kan. 601, 612, 702 P.2d 311 (1985). Collins infers in his claims against Hoeme and Treaster that they should have determined that the recall petition was legally insufficient and moved to withdraw the petition. The duties each county official performed with regard to the recall process involved exercising discretion. There is no indication, and Collins does not allege, the county officials acted needlessly, maliciously, or wantonly. Under the KTCA, Hoeme and Treaster are immune from liability.

### Monetary Damages Under the Recall Act

All elected public officials in the state, except judicial officers, are subject to recall by voters of the state or political subdivision

from which they are elected. Procedures and grounds for recall shall be prescribed by law. Kan. Const. art. 4, § 3. The Recall Act governs the procedure required for voters to exercise their right to recall public officials. K.S.A. 25-4331 provides:

"Any person aggrieved by a determination made by the county election officer or county attorney of the county where petitions are required to be filed may bring an action to have the determination reviewed within thirty (30) days of the date on which notice of determination was given by action in the district court of such county."

In *Jack v. City of Olathe*, 245 Kan. 458, 781 P.2d 1069 (1989), our Supreme Court determined that the plaintiffs were not entitled to monetary damages in the absence of clear statutory authority. In *Jack*, the plaintiffs brought a lawsuit against the City of Olathe pursuant to K.S.A. 12-712 (repealed January 1, 1992). Our Supreme Court noted that the statute did not set forth a remedy for a successful challenge of a zoning action, and there was no precedent for awarding monetary damages against the city for an unreasonable zoning action. The court found that the legislature intended to provide only a mechanism for setting aside an unreasonable zoning ordinance. 245 Kan. at 467.

Both K.S.A. 12-712 and K.S.A. 25-4331 provide a mechanism for reviewing a decision of a governmental body or official. Like the zoning ordinance, the recall statutes do not specify a remedy arising from a successful challenge of county officials' determinations. There is no authority to support the argument that monetary damages may be awarded against county officials for making an invalid determination under the Recall Act.

Collins argues that our appellate courts "contemplate the recovery of damages in actions brought under the recall election statutes, since both look to whether or not damages are sought in determining whether an actual issue or controversy is present." Collins cites *Randall v. Seemann*, 228 Kan. 395, 398, 613 P.2d 1376 (1980), where our Supreme Court, quoting *Burnett v. Doyen,* 220 Kan. 400, 403, 552 P.2d 928 (1976), stated: " 'Here the plaintiff did not seek damages, but rather sought a declaratory judgment and a restraining order. Since this court could grant no further or additional relief under the facts and circumstances involved, the matter is

moot.' " Collins also claims that in *Collins I*, this court could have found his case was moot by simply determining that damages were not recoverable.

Neither *Randall* nor *Burnett* supports Collins' claim that monetary damages are available under the Recall Act. At issue in *Burnett* was whether the Kansas Open Meeting Act required the Republican Caucus to be open to the public. The court ruled that the case was moot because the plaintiff had not sought damages; however, *Burnett* does not hold that damages would have been recoverable if the case had not been moot. Further, this court in *Collins I* did not rely solely on the fact that damages were sought in finding that the case was not moot. The *Collins I* court also distinguished *Randall* on the basis that Randall had been removed from office at the time the appeal was heard. Slip op. at 5. Collins was still in office at the time of his appeal. This court did not hold, or even imply, that damages were an available remedy for Collins.

K.S.A. 25-4331 merely authorizes the court to review decisions of the county attorney and county election officer, but does not allow monetary damages as a remedy for their failure to act, or for decisions rendered. Collins is not entitled to damages under the Recall Act.

### Damages Under a Mandamus Action

Collins also argues that he is entitled to damages under the mandamus statutes. "Mandamus is a proceeding to compel some inferior court, tribunal, board, or some corporation or person to perform a specified duty, which duty results from the office, trust, or official station of the party to whom the order is directed, or from operation of law." K.S.A. 60-801. K.S.A. 60-802(c) provides that "[i]f judgment be given for the plaintiff, he or she may also recover such damages as he or she may have sustained by reason of the failure of the defendant to perform the specified duty, together with costs."

Collins argues that mandamus is the proper remedy here, as the present petition was filed, in large part, to compel the county attorney and the county election officer to fulfill their statutorily mandated duties.

However, the remedy of mandamus is available only for the purpose of compelling performance of a "clearly defined official duty." *Gaslight Villa, Inc. v. City of Lansing*, 213 Kan. 862, 872, 518 P.2d 410 (1974). The plaintiff in *Gaslight Villa*, like the plaintiffs in *Jack*, brought an action pursuant to K.S.A. 12-712 to review a determination made by a governing body. Specifically, the City had refused to issue a special permit to construct and operate a mobile home park. The district court ordered the City to issue the permit, but denied the plaintiff's request for attorney fees. The plaintiff's basis for its request for attorney fees was that the lawsuit was a mandamus action. Our Supreme Court disagreed, holding:

"The remedy of mandamus is available for the purpose of compelling the performance of a clearly defined official duty. Its purpose is to compel the performance of an act which the law specifically enjoins as a duty resulting from the office or trust. This remedy may not be invoked to control discretion, or to enforce a right which is in substantial dispute. [Citations omitted.]

"The present action is one for review of the discretionary action of the city governing body pursuant to K.S.A. 12-712. There is no provision in this statute which authorizes the allowance of attorney fees. It is generally recognized in this state that attorney fees are not allowed in the absence of statutory authority or agreement. [Citations omitted.]" 213 Kan. at 872-73.

This court in *Collins I* incorrectly referred to this case as a mandamus action. However, under the Recall Act, a mandamus action could be brought to compel a recall election. See K.S.A. 2005 Supp. 25-4322(d). Collins did not file his lawsuit to demand a recall election; his lawsuit challenged the sufficiency of the grounds for his recall. The fact that Collins requested damages does not transform his case into a mandamus action. Collins' attempt to characterize the present case as a mandamus action is without merit.

The district court did not err in granting summary judgment to the Committee and in determining that Collins is not entitled to monetary damages.

Affirmed.