**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**Filed 12/23/96**

**TENTH CIRCUIT**

---

RICHARD E. NORTON, CAROLYN A. NORTON, )
NORCO, INC., )
                                       )
       Plaintiffs-Appellants, )
                                         )
   v. )        No. 96-2017
                                         )
CORRALES, VILLAGE OF, a New Mexico Municipal )
corporation; CORRALES VILLAGE COUNSEL; )
CORRALES PLANNING AND ZONING COM- )
MISSION; TINA DOMINGUEZ, officially as )
Corrales Village Clerk; PHIL RIOS, Village Admin- )
istrator; ROBERT BORMAN, Commissioner; )
GARY KANIN, Mayor, Village of Corrales; )
CHRISTINA ALLEN, Councilor; STEVE BRAND, )
Councilor, LAWRENCE VIGIL, Councilor; ROBERT )
HASSLACHER, Councilor; FRED HASHIMOTO, )
Councilor; FRANK GONZALES, Commissioner; )
JOHN CALLAN, Commissioner; GILBERT LOPEZ, )
Commissioner; ROBERTA KING, each in their )
official capacities for the Village of Corrales and )
individually, )
                                         )
       Defendants-Appellees. )

---

**Appeal from the United States District Court
for the District of New Mexico
(D.C. No. CIV 94-1447)**

---

Richard E. Norton, Pro Se.

James A. Cleland, Durango, Colorado, for Plaintiffs-Appellants Carolyn A. Norton and Norco, Inc.

Paul R. Ritzma, Legal Bureau/RMD, State of New Mexico, Santa Fe, New Mexico, and David Mathews, of Mathews and Davis, Rio Rancho, New Mexico, for Defendants-Appellees.

---

Before **BRORBY, RONEY**[*] and **LOGAN**, Circuit Judges.

---

**LOGAN**, Circuit Judge.

---

Plaintiffs Richard E. Norton, Carolyn A. Norton, and Norco, Inc., landowners and developers, brought this action against defendants Village of Corrales, Corrales Planning and Zoning Commission, and various officials, alleging civil rights, antitrust and state law violations in connection with plaintiffs' attempts to gain approval to develop subdivisions within the Village. The district court dismissed with prejudice all of plaintiffs' federal law claims under Fed. R. Civ. P. 12(b)(6), and declined to exercise supplemental jurisdiction over plaintiffs' request for a declaratory judgment on the validity of Village ordinances. Although plaintiffs state the issues differently,[1] the essence of the appeal is

---

[*] The Honorable Paul H. Roney, Senior Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation.

[1] Plaintiffs assert the district court (1) abused its discretion in dismissing with prejudice plaintiffs' claims pursuant to Rule 12(b)(6); and further erred in (2) finding facts other than those set forth in the pleadings; (3) considering the affirmative defense of
(continued...)

2

whether plaintiffs have asserted a viable claim of denial of procedural or substantive due process or equal protection rights.[2]

I

Plaintiff Richard E. Norton has worked as a developer in the Corrales area for the past twenty years. He and his wife, plaintiff Carolyn A. Norton, formed the plaintiff corporation, Norco, Inc., to engage in the business of land development. The complaint alleged that in the spring of 1992, shortly after some new Village anti-development officials were elected and/or appointed, plaintiffs encountered difficulties in gaining approval for subdivision applications filed with the Planning and Zoning Commission (the Zoning Commission).[3]

Plaintiffs' thirty-five-page complaint alleges civil rights violations by defendants based upon the Village's refusal to issue Richard Norton a registration permit to do business in the Village, refusals to accept plats signed by him, and delays in approving land development plats of property owned by plaintiffs. The complaint also alleges that defendants were biased and prejudiced against plaintiffs because they personally disliked

---

[1](...continued)
qualified immunity; and (4) refusing to address the validity of the Village ordinances and defendants' knowledge of their validity.

[2] Plaintiffs have not addressed the district court's dismissal of their asserted violations of federal antitrust law on appeal. Hence, we consider that they have not appealed that aspect of the district court's judgment.

[3] The Village of Corrales Council delegated its authority to enact and enforce subdivision controls to the Zoning Commission, with appeals to the Village Council.

plaintiff Richard Norton and plaintiffs' business of providing low to moderate income housing in a community.

From the complaint and defendants' answer it is clear plaintiffs' suit is grounded upon claims that (1) the Village has no right to require Richard Norton to obtain a business registration permit--and if it does, no right to require him to provide a physical address;[4] (2) the Village has no right to delay and deny approval of plaintiffs' plats, in part because of a thirty-five-day approval rule set out in N.M. Stat. Ann. § 3-20-7E;[5] and (3) plaintiffs have a federal constitutional right to have their development plans evaluated by unbiased Village officials.

Standing in plaintiffs' way on the first two of these claims are Village ordinances 246 (requiring registration of persons proposing to engage in business within the Village), Appellants' App. 69, and 8-2-9(E) (requiring final plats to be approved or disapproved

---

[4] The complaint asserts Richard Norton's application for "a registration" was repeatedly refused because he "had no physical place of business within the Village, even though such a requirement is found nowhere in any local or state ordinances or statutes." Appellants' App. 48.

[5] The statute provides in part:

The planning authority of a municipality shall approve or disapprove a plat within thirty-five days of the day of final submission of the plat. If the planning authority does not act within thirty-five days, the plat is deemed approved and upon demand the planning authority shall issue a certificate approving the plat.

N.M. Stat. Ann. § 3-20-7E.

within thirty-five days "of the day that the provisions hereof have been complied with by the developer").

Plaintiffs assert that the ordinances are void for failure to comply with the publication requirement imposed by a New Mexico statute. See N.M. Stat. Ann. § 3-17-3. Defendants deny that they were not properly published, but also assert the publication requirement can be met by posting within the Village when there is no newspaper maintaining an office in the municipality. See id. § 3-1-2J. The district court did not resolve this issue. Plaintiffs assert the district court erred in refusing to consider the validity of the ordinances, because holding the ordinances invalid under state law would make applicable the state statute that plaintiffs rely on to establish their property right to plat approval. This court has stated that when an attack on the validity of a city ordinance "is limited to the claim that the ordinance violates state law[] Federal courts do not review such a claim under the jurisdiction conferred by 28 U.S.C. § 1331 [federal question] and the result of error in the administration of state law, though injury may result, is not a matter of federal judicial cognizance under the due process clause of the fourteenth amendment." International Harvester Co. v. City of Kansas City, 308 F.2d 35, 38 (10th Cir. 1962), cert. denied, 371 U.S. 948 (1963). This is the only case our search found discussing whether a court, exercising federal question jurisdiction, will review the validity under state law of an act passed by a legislature. Although Harvester remains the

5

law of this circuit, the result would be the same whether or not the challenged ordinances were validly adopted.

## II

We first consider plaintiffs' due process claims on the assumption the Village ordinances were validly enacted under state law. The entire wording of Village ordinance 246, requiring registration of persons proposing to do business with the Village, is nowhere set out in the record. But there is no federal constitutional impediment to requiring such a registration. See Western and Southern Life Ins. Co. v. State Bd. of Equalization, 451 U.S. 648 (1981) (right to conduct business may be conditioned by state). At oral argument defendants asserted that the reason for requiring a physical address as part of the registration requirement was to insure Richard Norton had an in-state address at which he could be served with legal process. This reason is sufficiently rational to justify the requirement; and it is clear from the pleadings that Norton was repeatedly informed that his failure to provide a physical address was the reason for the denial. Appellants' App. 48. Even if the physical address requirement was not expressly stated in the ordinance, this unwritten addition violates no constitutional right. Further, there was no reason to hold a hearing when Norton refused or was unable to comply; it does not appear plaintiffs requested a waiver of the requirement, they only challenged the requirement's validity.

Plaintiffs' reliance on N. M. Stat. Ann. § 3-20-7E for a due process entitlement to plat approval would be trumped by Village ordinance § 8-2-9(E). That ordinance, like the registration ordinance, is not set out in full in the record. But defendants' answer, unrebutted by plaintiffs, states that the applicable Village ordinance provides "[t]he Planning and Zoning Commission shall approve or disapprove Final Plat within 35 days of the day that the provisions hereof have been complied with by the developer." Village of Corrales Ord. § 8-2-9(E), Appellants' App. 84 (emphasis added). Thus, the Village ordinance does not automatically confer an entitlement to plat approval if not acted upon within thirty-five days; it requires more than mere submission of the final plat. Plaintiffs' complaint indicates that some delays were caused when the Village imposed road requirements that apparently were in the ordinance. See id. at 66, 99. Because plaintiffs did not establish their entitlement to plat approval, their due process claims were properly dismissed on the pleadings.

### III

Even if we assume the Village ordinances discussed above were invalid for failure to comply with state law publication requirements, we still must affirm the district court's dismissal of the due process claims.

Plaintiffs do not complain about the registration ordinance because of its effect on Richard Norton's ability to offer his services to others, but because they argue defendants used it as an excuse to delay the approval of plaintiffs' subdivision applications. From

plaintiffs' complaint it is clear they had numerous opportunities to appear before the Village planning commission and council to present their arguments. They base their due process claims primarily on the statutory provision that if the planning authority of a municipality does not act to "approve or disapprove" a plat within thirty-five days of its submission it "is deemed to be approved and upon demand the planning authority shall issue a certificate approving the plat." N.M. Stat. Ann. § 3-20-7E. Defendants allege that this state statute, in the absence of a valid Village ordinance altering the requirement, gives rise to a property interest to which substantive due process rights attached. See Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, 927 F.2d 1111, 1119 (10th Cir. 1991) (some authority in this circuit holds that "in order to present a claim of denial of substantive due process, a plaintiff must allege a liberty or property interest to which due process guarantees can attach").

There is some confusion in the law as to when a person has a property right in a context like that before us. See Pearson v. City of Grand Blanc, 961 F.2d 1211 (6th Cir. 1992) (surveying the circuit decisions). We have said in a city zoning case "[a]uthority in this circuit is unclear on what interest is required to trigger substantive due process guarantees." Jacobs, Visconsi & Jacobs, Co., 927 F.2d at 1119. In the entitlement analysis nearly all courts focus on whether there is discretion in the defendants to deny a zoning or other application filed by the plaintiffs. "Since the entitlement analysis focuses on the degree of official discretion and not on the probability of its favorable exercise, the

8

question of whether an applicant has a property interest will normally be a matter of law for the court." RRI Realty Corp. v. Incorporated Village of Southhampton, 870 F.2d 911, 918 (2d Cir.), cert. denied, 493 U.S. 893 (1989).

We have found no case law directly addressing whether under current New Mexico law the zoning authority had discretion to deny a subdivision application that met regulations. Cf. El Dorado at Santa Fe, Inc. v. Board of County Commissioners of Santa Fe County, 551 P.2d 1360 (N.M. 1976) (granting mandamus to a subdivider seeking to force approval of a subdivision map). Nevertheless, the New Mexico statute on which plaintiffs rely contemplates that the planning commission has authority to deny approval of a plat. N.M. Stat. Ann. § 3-20-7E (planning authority "shall approve or disapprove a plat"). Plaintiffs themselves say "it should be remembered that Plaintiffs are not claiming that Defendants must approve Plaintiffs' subdivision (except as may be required under the '35 day' rule)". Appellants' Reply Brief at 13.

If defendants had the discretion to deny plaintiffs' subdivision applications during the thirty-five-day period, plaintiffs' position is not enhanced by defendants' failure to act within that time. Considering a nearly identical situation the Second Circuit stated the following:

> RRI's argument that the ARB forfeited its discretion by not acting on the application within the statutory thirty-day period, and thus was required to approve the permit, is also unavailing. It may be that on the thirty-first day, RRI was entitled to the permit, as a matter of state law, as the state court held. But RRI's claim to the permit, as a matter of constitutional law, cannot be fragmented into two claims, one subject to the ARB's discretion

9

within thirty days and one subject to a mandatory duty to issue after thirty days. For purposes of a property interest under the Due Process Clause, the claim to the permit is indivisible. The ARB's discretion to deny the permit during the thirty-day interval deprived RRI of a property interest in the permit, regardless of how unlawful under state law the ultimate denial may have been.

RRI Realty Corp., 870 F.2d at 919; see also Carr v. Town of Bridgewater, 616 A.2d 257, 262 (Conn. 1992) ("zoning authority's discretion must be measured at the time the application is filed").

Even if we concede a property interest, "[a]bsent invidious discrimination, the presence of a suspect class, or infringement of a fundamental interest, courts have limited their review of quasi-legislative or quasi-judicial zoning decisions in the face of a substantive due process challenge to determining whether the decision was arbitrary and capricious," Jacobs, Visconsi & Jacobs, Co., 927 F.2d at 1119 (quotations omitted). We believe that "arbitrary and capricious" in this context does not mean simply erroneous. "Actions that violate state law are properly challenged in state courts. . . . [t]he legality of a zoning decision under applicable state law is not determinative of whether the decision violated federal substantive law." Sylvia Development Corp. v. Calvert County, 48 F.3d 810, 829 (4th Cir. 1995).

> In more recent decisions, the Supreme Court has narrowed the scope of substantive due process protection in the zoning context so that such a claim can survive only if the alleged purpose behind the state action has no conceivable rational relationship to the exercise of the state's traditional police power through zoning. In short, the doctrine of substantive due process is a constitutionally imposed limitation, which is intended only to

10

> prevent government from abusing [its] power, or employing it as an instrument of oppression.

Id. at 827-28 (citations and quotations omitted); see also Corn v. City of Lauderdale Lakes, 997 F.2d 1369, 1374 (11th Cir. 1993) ("First, it must be determined whether there has been a deprivation of a federal constitutionally protected interest, and secondly, whether the deprivation, if any, is the result of an abuse of governmental power sufficient to raise an ordinary tort to the stature of a constitutional violation."), cert. denied, 114 S. Ct. 1400 (1994).

Applying these criteria we hold that plaintiffs have not stated a claim for violation of substantive due process rights. Defendants in the instant case alleged that they had a reasonable basis for delaying further subdivision applications and approval of pending plats based on plaintiffs' failure to procure a business registration and on the fact that plaintiff corporation Norco was not in "good standing" with the State Corporation Commission. Appellants' App. 88-89. These articulated reasons for not accepting some of plaintiffs' plats and plat applications had a rational relationship to a legitimate state interest. Complying with the business registration ordinance would ensure that plaintiff Richard Norton had an in-state address at which he could be served with process. The Village also has an interest in ensuring that corporate developers are in good standing so that title transfers will be properly made. The fact the registration ordinance may have been invalid for failure to comply with a state law publication requirement does not make these reasons less rational.

11

Plaintiffs assert bias and animosity toward Richard Norton as the real basis for the denial, but defendants' stated reasons for denying the registration and subdivision applications, supported by the uncontested fact that the Zoning Commission allowed another individual--as a proxy for plaintiffs--to complete the plat approval process on several subdivisions, are sufficient to support dismissal of the due process claims. Federal courts should be reluctant to interfere in zoning disputes which are local concerns. See, e.g., Gunkel v. City of Emporia, 835 F.2d 1302, 1304 (10th Cir. 1987) (federal courts do not sit as [a] "zoning board[] of appeals" to resolve municipal zoning disputes). When, as here, defendants articulated a rational reason for their decision which is related to a legitimate government interest, we will not look beyond it for evidence that the reason was a pretext.

IV

Plaintiffs argue that defendants' true motivation for rejecting Richard Norton's business registration application and refusing to accept subdivision applications or approve final plats was that certain defendants "did not like" Richard Norton, Appellants' App. 68, and wanted to put him "out of business" in the Village, id. at 46. We read this assertion of bias and right to an impartial tribunal as an equal protection claim. Under the Equal Protection Clause a state may not deny "any person within its jurisdiction the equal protection of the laws," U.S. Constitutional Amendment 14; thus it prohibits that the government from treating similarly situated persons differently. Buckley Constr., Inc. v.

12

Shawnee Civic & Cultural Develop. Auth., 933 F.2d 853, 859 (10th Cir. 1991). Plaintiffs did not explicitly allege they were treated differently from similarly situated persons or corporations. In any event, it is clear that they are not claiming unequal treatment on the basis of race, sex or other classifications which require heightened scrutiny. The question then becomes whether the Equal Protection Clause protects not only against discrimination where victims are within an identifiable group, but also where the plaintiff alleges he is an individual victim of purposeful discrimination.

The individual defendants asserted the defense of qualified immunity; however, the district court did not recognize an equal protection claim and thus did not address qualified immunity in this context. "Once a defendant asserts qualified immunity, the plaintiff bears the burden of proving that the defendants violated a law that was clearly established." Lenz v. Dewey, 64 F.3d 547, 550 (10th Cir. 1995). "The plaintiff must make a particularized showing, demonstrating that the contours of the violated right were so established that 'a reasonable official would understand that what he [wa]s doing violate[d] that right,'" id. (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)), "or that the official did not act in good faith." Id. (citing Harlow v. Fitzgerald, 457 U.S. 800, 815 (1982)).

In their responsive pleadings plaintiffs did not point to any case law establishing that defendants' asserted actions in denying approval of their plats and city registration violated plaintiffs' equal protection rights. Rather, plaintiffs cited state cases regarding

13

rights under state law, and asserted the Village ordinances on business regulations and zoning were not properly published under state law. We have found no authoritative opinion in this circuit on this issue, although there is one case in another circuit holding that a plaintiff's claim that a public official violated the Equal Protection Clause by refusing to renew a liquor license because of vindictiveness withstood a Rule 12(b)(6) motion. See Esmail v. Macrane, 53 F.3d 176, 178-80 (7th Cir. 1995). But see Sylvia Development Corp., 48 F.3d at 819. Under the circumstances we hold that any such equal protection right is not well enough established to hold the individual defendants to knowledge of it. Thus the individual defendants enjoy qualified immunity on this claim.

Municipal liability can be based only on policy or custom of the municipality and not on respondeat superior. Plaintiffs' complaint failed to sufficiently allege facts that would support a finding of a Village policy or custom violative of plaintiffs' due process or equal protection rights. We therefore affirm dismissal of the Village.

AFFIRMED.