**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 18 2001**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

———————————

ELMER CRIDER; MARLYN CRIDER;
LANNY HELMS; MARTHA HELMS;
BRUCE GAMBELL; LOIS GAMBELL;
BRIAN MESSICK; LYNETTE MESSICK;
GEORGE MALLON; NANCY MALLON;
LARRY THOMPSON; and KAREN
THOMPSON,

      Plaintiffs - Appellants,

   v.

THE BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY
OF BOULDER; RONALD K. STEWART,
PAUL DANISH, JANA MENDEZ, in their
official capacity as County
Commissioners; CITY OF LOUISVILLE;
THOMAS DAVIDSON, in his official
capacity as Mayor; CITY OF
LAFAYETTE; CAROLYN McINTOSH, in
her official capacity as Mayor; CITY OF
BROOMFIELD; and WILLIAM BERENS,
in his official capacity as Mayor,

      Defendants - Appellees.

No. 00-1094

———————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D. Ct. No. 99-Z-1387)

———————————

Richard A. Westfall (Allan L. Hale and Monica A. Flanigan, with him on the briefs), Hale, Hackstaff, Tymkovich & ErkenBrack, LLP, Denver, Colorado, appearing for Appellants.

David Hughes, Assistant County Attorney, Boulder, Colorado (Thomas S. Rice, Senter, Goldfarb & Rice, L.L.C., Denver, Colorado; J. Andrew Nathan and Nina Hammon Jahn, Nathan, Bremmer, Dumm & Myers, P.C., Denver, Colorado; Richard F. Rodriguez, Holme, Roberts & Owen, L.L.P., Denver, Colorado; and H. Lawrence Hoyt, Boulder County Attorney, Boulder, Colorado, with him on the brief), appearing for Appellees.

---

Before **TACHA**, Chief Judge, **LUCERO**, Circuit Judge, and **BROWN**, District Judge.[†]

---

**TACHA**, Chief Judge.

---

Appellants appeal the district court's dismissal of their equal protection claim. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I. Background

The appellants, Paradise Lane Owners, are the individual owners and occupants of six residential properties on Paradise Lane in unincorporated Boulder County. The lots owned by Paradise Lane Owners total seventy acres, with ten acres on Paradise Lane unoccupied. Storage Technology Company ("StorageTek") owns an adjacent eighty acre lot to the south of Paradise Lane. This lot is adjacent to and north of StorageTek's industrial campus.

---

[†]The Honorable Wesley E. Brown, Senior District Judge for the District of Kansas, sitting by designation.

In 1996, the City of Louisville approached some of Paradise Lane Owners about annexation. Paradise Lane Owners declined annexation at that time.

Subsequent development in the area led Paradise Lane Owners to reconsider. In their view, the surrounding development had changed the rural nature of the area. Paradise Lane Owners hoped to have their land annexed into Louisville so they could get a better price for land and move out. In 1998, they contacted Louisville officials and indicated that they were interested in annexation.

Unbeknownst to Paradise Lane Owners, the City of Louisville was negotiating an intergovernmental agreement ("IGA") with the County of Boulder and the cities of Lafayette and Broomfield. Part of these negotiations concerned placing Paradise Lane in "rural preservation" for thirty years, along with a prohibition against annexation into Louisville during that time. Paradise Lane Owners allege that they were unaware of either the IGA or its impact on their land until after negotiations were completed. They allege, however, that StorageTek was approached during negotiations and was permitted to object to being placed in rural preservation status. The IGA negotiations were subsequently completed. Paradise Lane was placed in rural preservation for thirty years and prohibited from annexing into Louisville during that time. StorageTek's land was not.

After the IGA negotiations had been completed, Paradise Lane Owners appeared at two Boulder County hearings, one Louisville hearing, and one Lafayette hearing on the IGA and submitted written and verbal objections. Although Paradise Lane Owners succeeded in getting two modifications to the IGA, they were unable to remove the "rural preservation" designation from their property.

Paradise Lane Owners filed a complaint in district court alleging that, because they had been treated differently by the defendants than had StorageTek, their rights to equal protection had been violated. They also claim that the defendants violated their substantive due process rights by arbitrarily and capriciously depriving them of a property interest. The district court dismissed their complaint for failure to state a claim. On appeal, Paradise Lane Owners argue that the district court erred in dismissing its equal protection and substantive due process claims. They also argue that the district court erred in striking newspaper clippings that were attached to their complaint.

## II. Discussion

We review de novo the district court's dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Sutton v. Utah State Sch. for the Deaf and Blind , 173 F.3d 1226, 1236 (10th Cir. 1999). We must take as true and view

in the light most favorable to Paradise Lane Owners all factual allegations contained in their complaint.  Id.  "A 12(b)(6) motion should not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  GFF Corp. v. Associated Wholesale Grocers, Inc. , 130 F.3d 1381, 1384 (10th Cir. 1997) (quoting Conley v. Gibson , 355 U.S. 41, 45-46 (1957)).

### A.  Equal Protection

Paradise Lane Owners argue that, because they were treated differently by the defendants than was StorageTek, the defendants violated their rights to equal protection.  The Equal Protection Clause of the Fourteenth Amendment dictates that "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws."  "This Clause 'embodies a general rule that States must treat like cases alike but may treat unlike cases accordingly.'"  Tonkovich v. Kan. Bd. of Regents , 159 F.3d 504, 532 (10th Cir. 1998) (quoting Vacco v. Quill , 521 U.S. 793, 799 (1997)).  Thus, "[a] violation of equal protection occurs when the government treats someone differently than another who is similarly situated." Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence , 927 F.2d 1111, 1118 (10th Cir. 1991).  To state a valid equal protection claim, therefore, Paradise Lane Owners must "allege facts sufficient to establish that [they are] similarly situated"

to StorageTek.  <u>Tonkovich</u> , 159 F.3d at 532.

Even taking the facts alleged in the complaint as true and viewing them in the light most favorable to Paradise Lane Owners, we find that Paradise Lane Owners have failed to allege facts sufficient to establish that they are similarly situated to StorageTek.  While the properties owned by Paradise Lane Owners and StorageTek both allegedly total eighty acres and are adjacent, that is where the similarity ends.  According to Paradise Lane Owner's complaint, StorageTek is a single commercial entity.  Paradise Lane Owners, in contrast, are individual owners of residential property.  StorageTek owns the single eighty acre lot under consideration as well as an adjacent lot on which it has built a large, industrial campus.  Paradise Lane Owners' land is subdivided into six separate, individually owned lots, one lot totaling twenty acres and the other five lots totaling ten acres (with a ten acre lot unoccupied).  StorageTek's eighty acre lot is undeveloped.  Paradise Lane Owners' lots have been developed into separate private residences occupied by Paradise Lane Owners and their families.

We find that Paradise Lane Owners have failed to allege facts sufficient to establish that they are similarly situated to StorageTek.  Consequently, we also find that Paradise Lane Owners have failed to state a valid equal protection claim.

**B.  Substantive Due Process**

Paradise Lane Owners also argue that the defendants violated their rights to substantive due process by arbitrarily and capriciously depriving them of their property interests. To state a cognizable substantive due process claim, Paradise Lane Owners must first allege sufficient facts to show a property or liberty interest warranting due process protection. Lehman v. City of Louisville, 967 F.2d 1474, 1476 (10th Cir. 1992). If they satisfy this requirement, Paradise Lane Owners must allege facts sufficient to show that the challenged governmental action was "arbitrary and capricious." Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, 927 F.2d 1111, 1119 (10th Cir. 1991). [1] The district court dismissed the substantive due process claim because it found that Paradise Lane Owners failed to allege facts sufficient to show arbitrary or capricious conduct on the part of the defendants. We address this issue first.

Although this court has not previously applied the arbitrary and capricious

---

[1] As we noted in Jacobs, Visconsi & Jacobs, Co.:

> Absent invidious discrimination, the presence of a suspect class, or infringement of a fundamental interest, courts have limited their review of quasi-legislative or quasi-judicial zoning decisions in the face of a substantive due process challenge to determining whether the decision was "arbitrary and capricious."

927 F.2d at 1119. Because Paradise Lane Owners concede that the appropriate standard of review is the arbitrary and capricious standard, we proceed under this standard.

standard to an IGA establishing limitations on the use of property, this standard has been applied in the context of zoning.  Because we find that the limits placed by the IGA on the use of land are substantially similar to those imposed by zoning ordinances, we will apply the arbitrary and capricious standard to the IGA in the same manner in which it is applied to zoning ordinances.

We have noted that the arbitrary and capricious standard in the context of zoning "does not mean simply erroneous."  Norton v. Village of Corrales, 103 F.3d 928, 932 (10th Cir. 1996).  Rather, "'the Supreme Court has narrowed the scope of substantive due process protection in the zoning context so that such a claim can survive *only if the alleged purpose behind the state action has no conceivable rational relationship to the exercise of the state's traditional police power through zoning.*'"  Id. (quoting Sylvia Dev. Corp. v. Calvert County, 48 F.3d 810, 829 (4th Cir. 1995)) (emphasis added).  "'[T]he 'true' purpose of the [policy], (i.e., the actual purpose that may have motivated its proponents, assuming this can be known) is irrelevant for rational basis analysis.'"  FM Properties Operating Co. v. City of Austin, 93 F.3d 167, 174 (5th Cir. 1996) (quoting Smithfield Concerned Citizens for Fair Zoning v. Town of Smithfield, 907 F.2d 239, 246 (1st Cir. 1990)).  This longstanding principle has recently been reaffirmed by the Supreme Court: "the State need not articulate its reasoning at the moment a particular decision is made."  Bd. of Trustees of the Univ. of Ala. v.

Garrett, 121 S. Ct. 955, 964 (2001). Rather, under rational basis analysis, we look only to whether a "reasonably conceivable" rational basis exists. Id.; accord Davoll v. Webb, 194 F.3d 1116, 1145 (10th Cir. 1999).

In their complaint, Paradise Lane Owners do not allege the absence of a conceivable rational relationship between the IGA and a legitimate governmental objective. Rather, they allege that the defendants enacted the IGA with improper motives. They allege, for example, that the IGA represents a "horse-trade" of their rights and a conspiracy on the part of the defendants to obtain Paradise Lane at decreased cost. The defendants' actual motivations, however, are irrelevant to a substantive due process claim. FM Properties Operating Co., 93 F.3d at 174. Thus, even assuming that these allegations are true, they do not amount to a cognizable substantive due process claim. Furthermore, Paradise Lane Owners' remaining allegations do not relate to whether there is a rational basis for the IGA, but rather state the effects of the IGA [2] on Paradise Lane Owners and allege error on the part of the defendants. [3] We find, therefore, that Paradise Lane

---

[2]For example, Paradise Lane Owners argue that they must pay double for their water for the next 30 years.

[3]Paradise Lane Owners argue that the defendants erred when they determined that Paradise Lane has no community of interest with Louisville. They also argue that the defendants erred in focusing on the traffic benefits of imposing the rural preservation designation on Paradise Lane but ignoring the traffic impact of the development of the surrounding land. Even if the defendants did err in these respects, conduct is not arbitrary and capricious simply because it is erroneous. Norton, 103 F.3d at 932.

Owners fail to allege the lack of a reasonably conceivable rational basis for the IGA. Consequently, we find that Paradise Lane Owners have failed to state a cognizable substantive due process claim. [4]

### III. Conclusion

We find that Paradise Lane Owners failed to state a valid equal protection claim. We also find that they failed to state a cognizable substantive due process claim. Because we hold that dismissal was proper, we need not address Paradise Lane Owner's argument that the district court erred in striking newspaper clippings attached to their complaint. See Griffin v. Davies, 929 F.2d 550, 554 (10th Cir. 1991) ("We will not undertake to decide issues that do not affect the outcome of a dispute.").

Accordingly, the district court's dismissal of Paradise Lane Owners' claims is AFFIRMED. Appellees' motion for leave to file sur-reply brief is denied.

---

[4]Because we find that Paradise Lane Owners have failed to allege sufficient facts to satisfy the arbitrary and capricious prong of a substantive due process claim, we need not address whether they were deprived of a property or liberty interest protected by the Due Process Clause.