**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 30 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

THOMAS P. MOORE, M.D.,

     Plaintiff-Appellant,

v.

RANDY MIDDLEBROOK;
ORTHOPEDIC ASSOCIATES OF
ASPEN AND GLENWOOD SPRINGS,
P.C.; JOHN FREEMAN, M.D.; ROBERT
HUNTER, M.D.; TOMAS PEVNY,
M.D.; MARK PURNELL, M.D.; ASPEN
EMERGENCY MEDICINE, P.C.; JOHN
GLISMANN, M.D.; J. STEPHEN
AYERS, D.O.; CHRISTOPHER
MARTINEZ, M.D.; DAVID BORCHER,
M.D.; GLENN KOTZ, M.D.; ASPEN
VALLEY HOSPITAL,

     Defendants-Appellees.

No. 03-1010
(Colorado)
(D.C. No. CIV-00-RB-1917)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR** and **BRISCOE**, Circuit Judges, and **PAYNE**, District Judge.[**]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable James H. Payne, United States District Judge for the Northern, Eastern and Western Districts of Oklahoma, sitting by designation.

This appeal is based on Dr. Moore's contention the temporary suspension of his medical staff privileges violated his constitutional right to due process. Specifically, Dr. Moore argues the Medical Executive Committee ("MEC") suspended his clinical privileges due to his failure to attend a meeting scheduled by the President of the Medical Staff in violation of the notice required by the Aspen Valley Hospital District ("the Hospital") Medical Staff Bylaws.

Despite this contention, the record reveals MEC has discretion to automatically suspend a practitioner's privileges in the course of its peer review activities. In this case, Defendants became concerned Dr. Moore was in possession of another physician's confidential privileges delineation list. Dr. Moore failed to respond to two written requests for information regarding this issue from the President of the Medical Staff. He then failed to appear at a meeting scheduled by the President of the Medical Staff to discuss the issue, despite being given notice that his failure to appear could result in an official investigation or corrective action. The MEC then imposed a temporary suspension of Dr. Moore's privileges pending his response to the inquiry regarding the confidential document or documents in his possession, and offered him the opportunity to meet and resolve the matter informally within five days after the suspension began. Dr. Moore appeared for that meeting, but refused to cooperate with the President of the Medical Staff's request to turn off a recording device, so the meeting was terminated

without any discussion of the matter being investigated.

## II.

On September 27, 2000, Dr. Moore filed a Complaint against Defendants asserting two claims: (1) violation of 42 U.S.C. §1983; and (2) violation of sections 1 and 2 of the Sherman Act. Under 42 U.S.C. §1983, Dr. Moore alleged that Mr. Middlebrook, Dr. Martinez, Dr. Hunter, Dr. Borcher, Dr. Ayers, Dr. Pevny, and Dr. Kotz issued an "automatic suspension" of his staff privileges without providing adequate due process under the Fourteenth Amendment of the United States Constitution.

In response to the Complaint, Aspen Emergency Medicine ("AEM"), Dr. Ayers, Dr. Martinez, Orthopedic Associates, Dr. Hunter, Dr. Pevny, Dr. Borcher, Dr. Kotz, and Mr. Middleton all filed separate motions to dismiss to all of Dr. Moore's claims. The motions argued, among other things, that the Complaint did not allege with sufficient specificity the facts surrounding the due process violation.

Dr. Moore filed a Consolidated Response to all of the motions to dismiss on January 5, 2001. Along with this Consolidated Response, Dr. Moore filed a Motion for Leave to file the First Amended Complaint, which provided in greater detail the facts surrounding the alleged due process violation. The Amended Complaint also voluntarily dismissed the Sherman Act claims against Mr. Middlebrook and asserted the section 1983 claim against Orthopedic Associates and AEM. The district court granted Dr. Moore leave to file the First Amended Complaint and accepted it as the operative complaint.

-3-

The district court also granted leave to all Defendants to filed Amended Motions to Dismiss or any other responsive pleading. Again, Defendants filed their Amended Motions to Dismiss, arguing that Dr. Moore did not have a constitutionally protected — neither liberty nor property ---- interest to bring a 42 U.S.C. §1983 claim, that even if Dr. Moore did have a constitutionally protected interest, Defendants were entitled to qualified immunity; and that Defendants were immune from liability under Colo.Rev.Stat. §12-36.5-105 (2002).

Meanwhile, Dr. Moore filed another motion for leave to file the Second Amended Complaint. The Second Amended Complaint, while asserting the same claims alleged in the First Amended Complaint, added an injunctive relief claim pursuant to 42 U.S.C. §1983 against the Hospital. On March 23, 2001, the magistrate judge granted the motion for leave and accepted the Second Amended Complaint as the operative complaint.

Defendants again filed motions renewing their prior motions to dismiss. In addition, AEM, Dr. Ayers, and Dr. Martinez filed a motion to dismiss the claims asserted in the Second Amended Complaint and to stay litigation pending the qualified immunity determinations. The Hospital then filed a motion for summary judgment making the same legal arguments raised by the other Defendants.

After the issues were fully briefed by all of the parties, the magistrate judge issued a recommendation. Noting that the existence of a constitutionally protected interest is a question of law, the magistrate concluded that the denial of staff privileges at a public

hospital did not implicate any liberty or property interest.  Having concluded that no constitutionally protected interest was implicated, the magistrate judge recommended the dismissal of Dr. Moore's section 1983 claim.

The parties then filed objections to the magistrate's recommendation.  Of importance to this appeal, the district court agreed with the magistrate judge's recommendation to dismiss Dr. Moore's section 1983 claim against all Defendants.  The court concluded that neither the Hospital bylaws nor Colorado statutory law created a property interest in Dr. Moore's staff privileges warranting federal constitutional protection.  However, the district court did not dismiss the antitrust claims against Orthopedic Associates, Dr. Hunter, Dr. Pevny, and two other named physicians.  In turn, Dr. Moore requested the district court to certify the dismissal of the section 1983 claim as a final judgment for purposes of appeal.  When the district court denied this request, Dr. Moore voluntarily dismissed the antitrust claims with prejudice and appealed only the dismissal of the section 1983 claim.  Specifically, the only issue addressed in this appeal is whether Dr. Moore has a property interest in continued public hospital medical staff membership.

### III.

"We review a district a district court's grant of summary judgment de novo, applying the same standard as the district court." *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).  A party is

-5-

entitled to summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue at to any material fact." Fed.R.Civ.P. 56(c). For purposes of summary judgment, we view the evidence in the light most favorable to the non-moving party. *Simms*, 165 F.3d 1326. If the movant has shown the absence of a genuine issue of material fact, the nonmovant cannot rest upon his or her pleadings, but must bring forward specific facts sufficient to permit a reasonable jury to find in favor of the nonmovant on that issue. *Id.*

**IV.**

"If a plaintiff can prove [he] has a property interest in [his] employment, a state cannot deprive [him] of that interest without due process." *Dickeson v. Quarberg,* 844 F.2d 1435, 1438 (10th Cir. 1988). "A protected property interest in continued employment exists only if the employee has a legitimate claim of entitlement to continued employment." *Id.* at 1437 (citation and internal quotation marks omitted). Property interests are not created by the Constitution, but arise from independent sources such as state statutes, local ordinances, established rules, or mutually explicit understandings." *Id.* Whether an employee has a property interest in her employment is determined under state law. *Id.* at 1438 n.5.

Here, Dr. Moore is an active member of the medical staff at the Hospital. The Hospital is a public hospital created and operated pursuant to Colorado statute. Plaintiff argues he has a protected property interest in his medical staff privileges created by

C.R.C.P. 106(a)(4) and *Park Hospital District v. District Court*, 555 P.2d 984 (Colo. 1976).

Plaintiff has the burden of establishing the existence of a protected property interest. *Watson v. Univ. of Utah Med. Ctr., 75 F.3d 569, 578* (10th Cir. 1996). State law can create a property interest in a number of different ways, including explicitly creating such a right. *Federal Legal Lands Consortium ex rel. Robart Estate v. United States*, 195 F.3d 1190, 1196 (10th Cir. 1999). Neither of the Colorado authorities cited by Plaintiff, *Park Hospital District v. District Court,* 555 P.2d 984 (Colo. 1976), or C.R.C.P. 106(a)(4), expressly state that medical staff privileges are protected property rights. Because state law does not explicitly create a property right in medical staff privileges, this Court must look to the degree to which the state has restrained the hospital's discretion with regard to the medical staff privileges. *Id.* at 1199; *see also Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1116 (10th Cir. 1991)("When analyzing whether a plaintiff presents a legitimate claim of entitlement, we focus on the degree of discretion given the decisionmaker . . . ."); *Norton v. Village of Corrales*, 103 F.3d 928, 931 (10th Cir. 1996)("In the entitlement analysis nearly all courts focus on whether there is discretion in the defendants to deny a zoning or other application.").

The "hallmark of property . . . is an individual entitlement grounded in state law, which cannot be removed except 'for cause.'" *Logan v. Zimmerman Brusch Co.,* 455 U.S. 422, 430 (1982)*.* If a state statute, regulation, or policy specifies the grounds on which an

employee may be discharged, or restricts the reasons for discharge to "just cause shown," then a property interest in his or her employment is created. *Asbill v. Housing Auth. of Choctaw Nation,* 726 F.2d 1499, 1502 (10th Cir. 1984)*; see also Anglemyer v. Hamilton County Hosp.,* 58 F.3d 533, 539 (10th Cir. 1995)(stating that a property interest might be created by specific statutory provisions or contract terms qualifying an employer's discretion to reassign or transfer an employee)*; Hennigh v. City of Shawnee,* 155 F.3d 1249, 1254 (10th Cir. 1998)("If the statute or regulation places some substantive restrictions on the discretion to demote an employee, such as providing that discipline may only be imposed for cause, then a property interest is created.").

However, detailed procedural protections in a state statute or regulation are not sufficient to create a protected property interest. *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 541 (1985)("'Property' cannot be defined by the procedures provided for its deprivation any more than can life or liberty."); *Jacobs, Visconi & Jacobs,* 927 F.2d at 1117 ("The Supreme Court has recognized that the mere existence of an entitlement to a hearing under state law, without further substantive limitation, does not give rise to an independent substantive liberty interest protected by the fourteenth amendment.")*; Asbill,* 726 F.2d at 1502 ("At least five circuits have adopted the view that procedural protection alone does not create a protected property right in future employment; such a right attaches only when there are substantive restrictions on the employer's discretion.")*; Henningh,* 155 F.3d at 1254 ("Procedural detail in a statute or regulation, standing alone,

-8-

is not sufficient to establish a protected property interest in an employment benefit."); *Bunger v. University of Oklahoma,* 95 F.3d 987, 990-91 (10th Cir. 1996)(procedural guidelines in Faculty Handbook did not create interest in reappointment)*; Hicks v. City of Wantonga,* 942 F.2d 737, 746 n.4 (10th Cir. 1991)(plaintiff did not have constitutionally protected interest in city procedures); *Russillo v. Honorable Tony Scarborough*, 935 F.2d 1167, 1170-71 (10th Cir. 1991)(neither court rules nor grievance procedures create a property interest in continued employment); *Hillside Comty. Church v. Olson,* 58 P.3d 1021, 1027 (Colo. 2002) (holding that a city ordinance requiring a public hearing before granting a special use permit did not create a property interest).

Here, Dr. Moore argues he has a property interest in his staff privileges because the Hospital's decision suspending his privileges is subject to judicial review under C.R.C.P. 106(a)(4). However, the limited review provided pursuant to C.R.C.P 106(a)(4) does not create a protected property interest in Dr. Moore's medical staff privileges. In *Park Hospital District v. District Court*, 555 P.2d 984 (Colo. 1976), the Colorado Supreme Court simply recognized that a public hospital's decision to summarily expel a physician from its medical staff was subject to judicial review under C.R.C.P. 106(a)(4). Under C.R.C.P. 106(a)(4), the district court's review is strictly limited to determining whether the "governmental body or officer . . . has exceeded its jurisdiction or abused its discretion." C.R.C.P. 106(a)(4); *DeLong v. Trujillo,* 25 P.3d 1194, 1197 (Colo. 2001). C.R.C.P. 106(a)(4) places no substantive restrictions on the governing body's broad

discretion.

The fact that Rule 106(a)(4) allows the state district court to review a public hospital's decision does not create a property interest. Procedural protections and reasonableness requirements are not sufficient to create a protected property interest. Dr. Moore's alleged right to appeal the Hospital's decision does not create a property interest because it is not a substantive restriction on Dr. Moore's staff privileges. Instead, C.R.C.P. 106(a)(4) merely provides a procedural protection — a right to judicial review. Nor does the fact that the district court reviews the Hospital's decision under the abuse of discretion standard create a property interest. *Jacobs,* 927 F.2d at 1115-18 (finding no property interest where the only restriction was a requirement that the Hospital refrain from acting arbitrarily or capriciously which is not a substantive restriction on the Hospital's discretion). It is just the opposite. It is a recognition of the Hospital's broad discretion in personnel matters. *Pfenninger v. Exempla,* 116 F.Supp.2d 1184, 1195 (D.Colo. 2000) (Colorado's peer review statute does not create a property interest in medical staff privileges just because it permits the reversal of peer review decisions resulting from unreasonable anticompetitive conduct).

Therefore, we find neither of the authorities cited by Dr. Moore create a substantive restriction on the Hospital's discretion with regard to Dr. Moore's medical staff privileges. Instead, they merely provide a procedural protection ---- a right to judicial review under an abuse of discretion standard. Because a reasonableness standard

of review is merely a procedural protection that does not substantively create a property interest, Plaintiff does not possess a protected property interest in his medical staff privileges. Further, C.R.C.P. 106(a)(4) merely provides a procedural protection, it does not create a protected property interest.

For the foregoing reasons, we hold that the district court did not err in granting the Hospital's motion for summary judgment and the remaining defendants' motions to dismiss.

**AFFIRMED.**

Entered for the Court


James H. Payne
District Judge