NOT DESIGNATED FOR PUBLICATION

No. 113,607

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TIMOTHY J. BURCH,
*Appellant*,

v.

KARI BRUFFETT, Secretary of the
KANSAS DEPARTMENT FOR AGING AND DISABILITY SERVICES,
*Appellee*.


MEMORANDUM OPINION


Appeal from Pawnee District Court; JOHN E. SANDERS, judge. Opinion filed November 25, 2015. Affirmed.


*Timothy J. Burch*, appellant pro se.


*Michele E. Kraak*, litigation counsel, of Kansas Department for Aging and Disability Services, for appellee.


Before BRUNS, P.J., STANDRIDGE, J., and BURGESS, S.J.


*Per Curiam*:  Timothy J. Burch appeals the district court's summary dismissal of his petition for writ of mandamus. He argues that the district court erred when it found that his petition did not identify a clearly defined duty, a necessary element of mandamus relief. He also challenges the district court's comparison of his situation to that of a member of the United States military.

1

Burch is civilly committed to the Kansas Sexual Predator Treatment Program (SPTP) at Larned State Hospital (Larned). On March 31, 2012, Burch filed two grievances with the staff at the SPTP. The first grievance challenged an SPTP rule change requiring all patients who take medication to open their mouths for an SPTP staff member for purposes of verifying that the patient has swallowed the medication dispensed. Burch requested the rule be changed because such a search is unreasonable, degrading, and inhumane. The SPTP staff denied Burch's request to change the rule. In his second grievance, Burch challenged the decision to deliver only peanut butter and jelly sandwiches to his room at meal time instead of regular meal trays. Burch claimed that he could not bring himself to go to the dining room to eat because it was "noisy" as well as "repulsive and inhumane." Burch's request to have regular meal trays delivered to his room was denied.

Burch filed two more grievances on April 7, 2012. His first grievance on that date claimed the SPTP rule prohibiting him from purchasing, possessing, or owning over-the-counter medication violated his constitutional rights under the Fourteenth Amendment to the United States Constitution. In Burch's other April 7 grievance, he complained that he was forced to live in an excessively bright environment due to an SPTP rule that all lights remain on at all times. He requested that the lighting be turned off or reduced between 10 p.m. and 6 a.m. Both of these April 7, 2012, grievances were denied.

On May 11, 2012, Burch filed four requests for administrative hearings pursuant to K.S.A. 75-3306 to address each of the grievances discussed above. On June 25, 2012, he filed a petition for writ of mandamus. In it, Burch alleged that he was being harmed as a result of the Secretary of the Kansas Department of Social and Rehabilitation Services' (now the Kansas Department for Children and Families [DCF]) failure to comply with the requirement set forth in K.S.A. 2014 Supp. 77-511(a)(1) that DCF acknowledge his

requests for hearings within 30 days. As relief, Burch requested the district court to order the Secretary of DCF to comply with his or her duties under K.S.A. 75-3306 and K.S.A. 2014 Supp. 77-511 related to his requests for hearings. Further, Burch requested the district court to leave the proceedings in the case open until the requested administrative hearings were completed in order to supply a prompt remedy for any additional failures to follow a "ministerial duty" concerning the hearings.

Shawn Sullivan, the Secretary of the Kansas Department of Aging and Disability Services, was substituted as the respondent in the action pursuant to K.S.A. 2014 Supp. 60-225(d). On August 2, 2012, Sullivan filed a motion to dismiss Burch's petition for failure to state a claim upon which relief could be granted. In its order ruling on the motion to dismiss, the district court liberally construed Burch's petition and analyzed it both as a petition for writ of mandamus and as a petition for writ of habeas corpus. The court ultimately concluded that Burch failed to state a claim for which relief could be granted under either construction. In construing the petition as one requesting mandamus relief, the court found that (1) Burch failed to identify any clearly defined duty imposed by law that the defendant failed to perform and (2) an adequate remedy already existed because Burch could pursue his claims through a habeas corpus petition under K.S.A. 2014 Supp. 60-1501.

In construing Burch's petition as one filed pursuant to K.S.A. 2014 Supp. 60-1501, the district court found Burch failed to allege any shocking or intolerable conduct or continuing mistreatment of a constitutional nature. In delivering this ruling, the court noted that some of the rules and procedures Burch complained about were reminiscent of what members of the United States military experience on a daily basis.

3

ANALYSIS

Burch presents two issues in his appeal from the district court's decision to summarily deny his petition for writ of mandamus. First, he claims the court erred in finding that his petition did not identify a clearly defined duty. Second, he challenges the court's comparison of his situation to that of a member of the United States military.

"Whether a district court erred by granting a motion to dismiss for failure to state a claim is a question of law subject to unlimited review." *Martell v. Driscoll*, 297 Kan. 524, 529, 302 P.3d 375 (2013). This court must assume the facts alleged in the plaintiff's petition are true, as well as any reasonable inferences drawn from those facts. Dismissal is improper if those facts or inferences state a claim based on the plaintiff's theory or any other possible theory. *Cohen v. Battaglia*, 296 Kan. 542, 546, 293 P.3d 752 (2013).

After filing four grievances with the staff at the SPTP, Burch submitted to DCF four written requests for administrative hearing pursuant to K.S.A. 75-3306 to challenge the staff's decisions to deny him relief on those grievances. Burch filed a petition for writ of mandamus 45 days after submitting his requests for hearing. In the petition, Burch asked the court to order DCF to comply with the clearly identified duty set forth in K.S.A. 2014 Sup. 77-511(a)(1), which required DCF to acknowledge his requests for hearings within 30 days. The district court summarily dismissed Burch's petition based on a finding that mandamus relief would be improper given Burch failed to identify any clearly defined duty and a finding that Burch had an alternative remedy at law under K.S.A. 2014 Supp. 60-1501.

4

1. *Mandamus*

    a. *Clearly defined duty*

Mandamus is an extraordinary remedy that may be used only in rare cases and as a last resort. *Bohanon v. Werholtz*, 46 Kan. App. 2d 9, 12, 257 P.3d 1239 (2011). It is only available for the purpose of compelling performance of a "'clearly defined official duty.'" *Collins v. Hoeme*, 40 Kan. App. 2d 93, 101, 189 P.3d 566 (2008), *rev. denied* 287 Kan. 765 (2009). Further, it is only appropriate in cases where the petitioner has no other adequate remedy at law. See *Bohanon*, 46 Kan. App. 2d at 12-13. The petitioner bears the burden of showing he or she has a right to mandamus relief. *Comprehensive Health of Planned Parenthood v. Kline*, 287 Kan. 372, 410, 197 P.3d 370 (2008).

In its order summarily dismissing Burch's petition for mandamus relief, the district court found Burch had failed to establish that DCF had a clearly defined duty to change the institutional rules he challenges. But the district court misconstrues Burch's request for mandamus relief. Burch is not seeking to compel DCF to comply with his requests to change the institutional rules. Instead, Burch's petition seeks to compel DCF to comply with K.S.A. 2014 Supp. 77-511(a)(1), which requires DCF to acknowledge his requests for hearings within 30 days. Thus, we conclude Burch successfully established that DCF had a clearly defined duty to comply with the time deadlines for those particular hearing requests governed by K.S.A. 2014 Supp. 77-511(a)(1). Notwithstanding our finding in this regard, however, and for the reasons stated below, we affirm the district court's decision to dismiss Burch's petition for mandamus relief as being right for the wrong reason. See *Hockett v. The Trees Oil Co.*, 292 Kan. 213, 218, 251 P.3d 65 (2011) (if district court reaches the correct result, its decision will be upheld even though it relied upon the wrong ground or assigned erroneous reasons for its decision).

In support of his claim that the district court erred in finding his petition did not seek to compel the performance of a clearly defined official duty, Burch cites to K.S.A. 75-3306(a), which was the statute that applied when Burch filed his four requests for administrative hearing on May 11, 2012. At the time, this subsection of K.S.A. 75-3306 stated as follows:

"(a) The secretary of social and rehabilitation services, except as set forth in the Kansas administrative procedure act and subsections (f), (g), (h) and (i), shall provide a fair hearing for any person who is an applicant, client, inmate, other interested person or taxpayer who appeals from the decision or final action of any agent or employee of the secretary. The hearing shall be conducted in accordance with the provisions of the Kansas administrative procedure act."

The K.S.A. 75-3306(i) exception referenced in subsection (a) specifically states that DCF is not required to provide a hearing if

"(1) The department of social and rehabilitation services lacks jurisdiction of the subject matter; (2) *resolution of the matter does not require the department of social and rehabilitation services to issue an order that determines the applicant's legal rights, duties, privileges, immunities or other legal interests*; (3) the matter was not timely submitted to the department of social and rehabilitation services pursuant to regulation or other provision of law; or (4) the matter was not submitted in a form substantially complying with any applicable provision of law." (Emphasis added.) K.S.A. 75-3306(i).

In this case, Burch sought a hearing pursuant to K.S.A. 75-3006(a) so that DCF could determine whether the following SPTP institutional rules infringed on his rights under the United States Constitution: (1) the rule that he open his mouth for an SPTP staff member to verify he swallowed medication dispensed; (2) the rule that permits only peanut butter and jelly sandwiches to be delivered to his room instead of a full meal tray; (3) the rule that prohibits him from purchasing, possessing, and owning over-the-counter

medication; and (4) the rule that the lights remain on between the hours of 10 p.m. and 6 a.m.

Notably, however, DCF did not have the authority to determine whether the rules Burch challenged infringed on his legal rights under the United States Constitution. Although constitutional issues may be raised at the agency level, an agency is not permitted to determine an applicant's constitutional rights. Constitutional issues must be decided by the courts. *Katz v. Kansas Dept. of Revenue*, 45 Kan. App. 2d 877, 895, 256 P.3d 876 (2011) (citing *Martin v. Kansas Dept. of Revenue*, 285 Kan. 625, Syl. ¶ 5, 176 P.3d 938 [2008]), *rev. denied* 297 Kan. 1246 (2013). Because DCF did not have the authority to determine whether the SPTP institutional rules infringed upon Burch's constitutional rights, DCF was not required to provide the hearing requested by Burch. See K.S.A. 75-3306(i) (DCF not required to provide a hearing if "resolution of the matter does not require [DCF] to issue an order that determines the applicant's legal rights, duties, privileges, immunities or other legal interests"). And because DCF was not required to hold a hearing, it would be improper to grant Burch's petition for mandamus relief in the form of an order compelling DCF to comply with various Kansas Administrative Procedures Act time deadlines related to such a hearing.

b. *Alternative ground*

As an alternative ground for dismissal, the district court found that Burch had an alternative remedy at law under K.S.A. 2014 Supp. 60-1501. The Kansas Supreme Court has found that those confined in the SPTP may bring an action under K.S.A. 2014 Supp. 60-1501 to challenge allegedly unconstitutional acts. See *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). As the district court noted, all of Burch's underlying complaints concern his living conditions. In all of his requests for hearings, he claimed the issues raised in his grievances constituted violations of his rights. Based on the nature of the claims he made in his grievances, K.S.A. 2014 Supp. 60-1501 provided an

7

adequate remedy for Burch to pursue his complaints concerning his living conditions. Thus, we agree with the district court that the existence of an adequate remedy in the law provided an alternative basis for dismissing Burch's petition for mandamus relief.

2. *K.S.A. 2014 Supp. 60-1501*

After dismissing Burch's petition for mandamus relief, the district court liberally construed and analyzed Burch's petition as one for writ of habeas corpus under K.S.A. 2014 Supp. 60-1501. The court ultimately concluded that Burch was not entitled to relief because he had failed to allege any shocking or intolerable conduct or continuing mistreatment of a constitutional nature. To avoid summary dismissal of a K.S.A. 2014 Supp. 60-1501 petition, the allegations must also be of shocking and intolerable conduct or continuing mistreatment of a constitutional stature. *Johnson*, 289 Kan. at 648. To meet the test of shocking and intolerable conduct, "the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 847-48 n.8, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998). In reviewing SPTP policy decisions, courts should afford deference and flexibility to SPTP's attempts to manage its unique environment. *Chubb v. Sullivan*, 50 Kan. App. 2d 419, 430, 330 P.3d 423 (2014), *rev. denied* 300 Kan. 1108 (2014); see *Sandin v. Conner*, 515 U.S. 472, 482, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995).

The district court found that none of Burch's claims "rise to constitutional levels." Notably, Burch does not appeal the district court's finding in this regard; instead, he argues the district court's comparison of his living conditions to the living conditions of a member of the armed forces was improper and allowed his petition to be viewed in the wrong light. Burch appears to be complaining about the following portion of the district court's decision:

8

"The Court will not second-guess the authorities in matters involving normal custodial and day-to-day matters. There is nothing atypical or unusual about petitioner's confinement or the rules Burch complains about. Such rules all relate to maintaining discipline, security and safety and furthering legitimate penological interests. Quite frankly, some of the rules and procedures remind the Court somewhat of the conditions and limitations that the fighting men and women of this country experience on a day to day basis due to the requirements and necessities involved in military life. Rules for safety, security, mess halls, living quarters, freedom of movement (or lack thereof) in the military are many times much harsher and restrictive than those complained of here by Burch. Burch is not required to eat his meals in a foxhole."

We find the district court's statements about the military are dicta. Before the court moved to the subject of the military, it already had noted that it would not second-guess the SPTP authorities on day-to-day matters and that there was nothing unusual about the rules he complained about. To the extent that the court compared Burch to a member of the military, there is no indication that the analogy was vital to the court's analysis. Therefore, even assuming the analogy constituted an error by the court, there is no way the error could have affected Burch's substantial rights and the error should be disregarded. See K.S.A. 2014 Supp. 60-261.

Affirmed.